

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2007

# Horne v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3406

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Horne v. USA" (2007). *2007 Decisions.* Paper 1512.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1512

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**BLD-140**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 06-3406

———————————

ANDRE HORNE

vs.

UNITED STATES OF AMERICA, In lieu of Kim White, Warden;
M.D. R. MORALES, Clinical Director; J. MARCUCCI, Correctional Officer;
J. ZAYAS, Medical Secretary; M. ANGUD, Mid-level Practitioner,
And individually; SETH SILVER, M.D.; KIM M. WHITE

Andre M. Horne,

Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-03333)
District Judge: Honorable Robert B. Kugler
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
February 23, 2007

Before:  MCKEE, FUENTES and WEIS, <u>CIRCUIT JUDGES</u>.

(Filed: March 7, 2007)

———————————

OPINION

———————————

1

PER CURIAM.

Appellant Andre Horne, who is currently incarcerated at F.C.I. McKean, filed suit against the United States of America, various federal corrections employees at F.C.I. Fairton, and an orthopedic surgeon who treated Horne's fractured and dislocated finger.[1] Horne brought a claim against the United States pursuant to the Federal Tort Claims Act ("FTCA"), and against the federal corrections employees for alleged deliberate indifference to Horne's medical needs in violation of the Eighth Amendment. Horne further alleged that the care provided by the orthopedic surgeon violated his Eighth Amendment rights and constituted medical malpractice under state law.

In March 2005, the United States District Court for the District of New Jersey dismissed Horne's claim against Kim White, former warden of F.C.I. Fairton, for insufficient service of process. The District Court also entered summary judgment in favor of the other individual federal corrections employees (Dr. Ruben Morales, Marilyn Angud, Jeanette Zayas, and John Marcucci) and the United States of America. In June 2006, the District Court dismissed the remaining claims against the orthopedic surgeon, Dr. Seth Silver. Horne timely appealed.

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We agree with the District Court that White was never properly served by Horne. Accordingly, White never became a party in this case, and the orders appealed from are therefore final

---

[1] After filing this action, Horne was transferred from F.C.I. Fairton to F.C.I. McKean.

and appealable.  See U.S. v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976).

Because Horne is proceeding in forma pauperis, we will analyze the appeal for possible dismissal pursuant to 28 U. S.C. § 1915(e)(2)(B).  An appeal that lacks arguable merit should be dismissed under § 1915(e)(2)(B).  Neitzke v. Williams, 490 U. S. 319, 325 (1989).

**Claim Against John Marcucci**

The District Court correctly awarded summary judgment in favor of Marcucci because Horne failed to exhaust his administrative remedies with respect to his claim against Marcucci.  See Spruill v. Gillis, 372 F.3d 218, 227-30 (3d Cir. 2004). Horne never appealed to the Regional Director the warden's decision regarding his complaint about Marcucci's alleged confiscation of some personal items, including a joint jack device prescribed by Dr. Silver.

**Claims Against the United States**

Horne's appeal from the entry of summary judgment in favor of the United States also lacks arguable merit.  The extent of the United States' liability under the FTCA is generally determined by reference to state law.  Molzof v. United States, 502 U.S. 301, 305 (1992).  We agree with the District Court that the applicable state law in this matter was New Jersey law, which requires submission of an Affidavit of Merit when "the underlying factual allegations of the claim require proof of a deviation from the professional standard of care for that specific profession."  Couri v. Gardner, 801 A.2d 1134, 1141 (N.J. 2002) (discussing N.J. Stat. Ann. 2A:53A-27).  Horne's complaint

3

triggered the requirements of the New Jersey Affidavit of Merit statute because he complained of the medical care he received in the F.C.I. Fairton healthcare facility. Horne failed to provide the requisite affidavit of merit and therefore summary judgment was properly entered in favor of the United States. See N.J. Stat. Ann. 2A:53A-29 (failure to provide affidavit of merit shall be deemed a failure to state a cause of action). Horne's pro se status does not excuse his failure to comply with the affidavit of merit requirement. See Chamberlain v. Giampapa, 210 F.3d 154, 162 (3d Cir. 2000) (affidavit requirement has been excused only under exceptional and compelling circumstances).

### Eighth Amendment Claims Against Morales, Angud, and Zayas

We also agree with the District Court's entry of summary judgment in favor of individual defendants Morales, Angud, and Zayas on Horne's Eighth Amendment claims. Horne failed to demonstrate that there was a genuine issue of material fact regarding whether these defendants were deliberately indifferent to a serious medical need for the reasons explained by the District Court.

### Dismissal of Claims against Seth Silver, M.D.

Horne's claims against Dr. Silver were properly dismissed because Horne failed to state a claim upon which relief could be granted. In the first instance, Horne failed to state a claim under New Jersey law for medical malpractice because he again failed to obtain the requisite affidavit of merit. See N.J. Stat. Ann. 2A:53A-29.

Further, Horne failed to allege facts that, if proved, would constitute a violation of the Eighth Amendment on the part of Dr. Silver. It is well-settled that claims

4

of negligence or malpractice, without a showing of some more culpable state of mind, do not establish deliberate indifference for purposes of an Eighth Amendment claim. <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999). "Nor does mere disagreement as to the proper treatment support a claim of an eighth amendment violation." <u>Monmouth County. Correctional Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 346 (3d Cir. 1987).

Here, Horne's own allegations established that Dr. Silver promptly examined and diagnosed his injury, and that Dr. Silver performed surgery four days after the injury. Moreover, Horne's own allegations demonstrate that any alleged delay in the removal of a pin from Horne's finger was not attributable to Dr. Silver. Rather, Horne alleged that the putative delay was caused by a medical secretary's failure to prepare a memorandum enabling Dr. Silver to enter the prison.

For these reasons, we conclude that this appeal lacks arguable merit, and therefore we will dismiss it under § 1915(e)(2)(B).