167 N.J. Super. 392 (1979)
400 A.2d 1208
COMMONWEALTH LAND TITLE INSURANCE CO., A CORPORATION OF THE STATE OF NEW JERSEY; U.S. LIFE TITLE INSURANCE CO. OF NEW YORK, A CORPORATION, AND JOSEPH P. MC GOVERN AND CAMILE MC GOVERN, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
ERNEST G. TOPPING AND HOWARD HARRISON, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 1979.
Decided April 3, 1979.
*393 Before Judges LYNCH, CRANE and HORN.
Mr. James P. Logan argued the cause on behalf of appellants (Messrs. Logan and Logan, attorneys for appellant Topping; Mr. Charles C. Collins, Jr., attorney for appellant Harrison).
Mr. Morton R. Covitz argued the cause on behalf of respondents (Messrs. Greenberg & Covitz, attorneys).
PER CURIAM.
Defendants appeal from a judgment entered against them in an action in which it was alleged that they had negligently prepared land surveys. No cross-appeal has been filed. The essential facts are set forth in the opinion of the trial judge reported at 152 N.J. Super. 1 (Law Div. 1977) and need not be repeated here.
Defendants contend that they were not negligent in the preparation of the individual lot surveys and that plaintiffs failed to submit legally sufficient proof to substantiate the measure of damages.
We have carefully reviewed the record below and have concluded that the judgment should be affirmed substantially for the reasons expressed in Judge Dalton's opinion. We *394 agree with the trial judge that there was adequate proof of negligence and of damages. We agree also that the work of a surveyor in preparing surveys to effect the placement of houses, garages and driveways, as was done here in 1965, relates to the design and planning of an improvement to real property within the meaning of N.J.S.A. 2A:14-1.1. We express no opinion however as to whether the original perimeter survey done in 1963 in connection with the purchase of the tract prior to the subdivision is the kind of activity intended to be protected by N.J.S.A. 2A:14-1.1 since it is not necessary to our review. With that reservation, the judgment is affirmed.