781 A.2d 1116 (2001)
344 N.J. Super. 343
CHARLES A. MANGANARO CONSULTING ENGINEERS, INC., A Professional Corporation, Plaintiff-Respondent,
v.
CARNEYS POINT TOWNSHIP SEWERAGE AUTHORITY, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 2001.
Decided October 12, 2001.
*1117 Walter J. Ray, Pennsville, argued the cause for appellant (Masten and Ray, attorneys; Mr. Ray, on the brief).
Robert C. Epstein, Morristown, argued the cause for respondent (Porzio, Bromberg & Newman, attorneys; Mr. Epstein, of counsel and on the brief; Joshua H. Abramson, on the brief).
Before Judges SKILLMAN, CARCHMAN and WELLS.
The opinion of the court was delivered by SKILLMAN, P.J.A.D.
This appeal involves the applicability of the Affidavit of Merit Statute, N.J.S.A. 2A:53A-26 to -29, to counterclaims and affirmative defenses that are based on allegations of professional malpractice. We conclude that a defendant may raise an affirmative defense alleging malpractice without filing an affidavit of merit. However, a counterclaim for malpractice is subject to the Affidavit of Merit Statute.
Plaintiff performed engineering services for defendant Carneys Point Township Sewerage Authority relating to the construction and improvement of sewage treatment facilities. After defendant refused to pay certain bills, plaintiff brought this action seeking $20,224.61 for breach of contract.
Defendant filed a counterclaim which alleged that "[p]laintiff breached its contract with the defendant/counterclaimant by failing to properly design the project in question, by failing to properly prepare the plans and specifications, and the plaintiff failed to properly review shop drawings submitted by the general contractor," and sought $26,967 in damages. Defendant relied upon the same factual allegations as an affirmative defense to plaintiff's complaint. Defendant did not provide plaintiff with an affidavit of merit supporting these allegations.
Plaintiff filed a motion for a summary judgment dismissing defendant's counterclaim and entering judgment on its complaint on the ground that defendant had failed to provide an affidavit of merit. The trial court granted the motion and entered final judgment in plaintiff's favor for $20,224.61 plus $2,835.20 in prejudgment interest.
The Affidavit of Merit Statute provides in pertinent part:
In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

[N.J.S.A. 2A:53A-27.]
By its plain terms, N.J.S.A. 2A:53A-27 applies only to a "plaintiff" who files an "action for damages" based on "an alleged act of malpractice or negligence" by one of the categories of professionals listed in N.J.S.A. 2A:53A-26. Consequently, the Affidavit of Merit Statute has no applicability to a defendant who asserts, as an affirmative defense to an action by a *1118 professional for the recovery of fees, that the plaintiff should be denied any relief because the professional services were not properly performed. This limitation on the scope of the affidavit of merit requirement is reinforced by N.J.S.A. 2A:53A-29, which states that a failure to provide an affidavit "shall be deemed a failure to state a cause of action." An affirmative defense to an action brought by another party obviously does not constitute the assertion of a "cause of action." Moreover, the purpose of the affidavit of merit requirement"to weed out frivolous [malpractice] lawsuits early in the litigation," Hubbard v. Reed, 168 N.J. 387, 395, 774 A.2d 495 (2001)is not implicated by allowing a defendant in a collection action to show that a professional is not entitled to any fee because the services were not properly performed. Therefore, the trial court erred in entering summary judgment on plaintiff's claim for professional fees on the ground that defendant failed to file an affidavit of merit.[1]
On the other hand, we conclude that defendant's counterclaim for professional malpractice is an "action for damages" based on "an alleged act of malpractice or negligence," which defendant is barred from pursuing because it failed to provide plaintiff with an affidavit of merit. A counterclaim is not simply a "defensive pleading. "Department of Transp. v. PSC Res., Inc., 159 N.J.Super. 154, 159, 387 A.2d 393 (Law Div.1978). It is "an affirmative effort to enforce ... an affirmative claim." Gibbins v. Kosuga, 121 N.J.Super. 252, 256, 296 A.2d 557 (Law Div.1972). Thus, a defendant in a collection action who asserts a counterclaim for malpractice does not seek simply to defeat the professional's claim for fees. Such a defendant also asserts its own separate claim for damages allegedly caused by the professional's malpractice. For example, defendant's counterclaim seeks as damages $26,967 in additional costs it allegedly incurred as a result of its use of the plans and specifications prepared by plaintiff. For this reason, we have previously observed that if a professional brings an action to collect unpaid fees and the defendant responds by filing a counterclaim, the defendant is "in effect ... the plaintiff on the malpractice counterclaim." Cornblatt v. Barow, 303 N.J.Super. 81, 84, 696 A.2d 65 (App.Div.1997), rev'd on unrelated grounds, 153 N.J. 218, 708 A.2d 401 (1998). Therefore, a defendant who files a counterclaim seeking damages for professional malpractice has the same obligation to file an affidavit of merit as a plaintiff who asserts a malpractice claim in a complaint.
We recognize that another panel of this court has held that a defendant in a malpractice action who files a cross-claim against another defendant is not required to file an affidavit of merit. See Burt v. West Jersey Health Sys., 339 N.J.Super. 296, 305, 771 A.2d 683 (App.Div.2001). However, a defendant who files a crossclaim generally relies upon the plaintiff's proofs of the codefendant's negligence and thus may justifiably assume that the plaintiff will provide an affidavit of merit supporting its claim against the codefendant. A defendant who files a counterclaim against the plaintiff has no comparable basis to assume that any other party will file an affidavit of merit upon which it can rely. In any event, the court in Burt held that if the plaintiff fails to provide an affidavit of merit to a defendant against *1119 whom a cross-claim has been asserted, that defendant is not subject to liability either to the plaintiff or to a codefendant who has asserted a cross-claim. Instead, plaintiff's recovery is diminished by the percentage of negligence the jury allocates to that defendant. Id. at 306-10, 771 A.2d 683. Therefore, our disposition of this appeal is not inconsistent with the result in Burt.
Defendant also argues that it was not required to file an affidavit of merit because its counterclaim was for breach of contract rather than for malpractice. However, the essential factual allegations upon which defendant's counterclaim rests are that plaintiff "fail[ed] to properly prepare the plans and specifications" and "failed to properly review shop drawings submitted by the general contractor." These are allegations of professional malpracticethat plaintiff failed to "act with that degree of care, knowledge, and skill ordinarily possessed and exercised in similar situations by the average member of the profession practicing in the field[,]" Aiello v. Muhlenberg Reg'l Med. Ctr., 159 N.J. 618, 626, 733 A.2d 433 (1999)which will require expert testimony to prove. Therefore, even though defendant labeled its counterclaim as a claim for breach of contract, it was required to provide plaintiff an affidavit of merit. Cf. Levinson v. DAlfonso & Stein, P.C., 320 N.J.Super. 312, 318, 727 A.2d 87 (App.Div.1999) ("Courts should not countenance an attempt to dilute the Affidavit of Merit statute by giving effect to a mere change in nomenclature.").
Accordingly, we affirm the dismissal of defendant's counterclaim. We reverse the judgment in plaintiff's favor and remand the case to the trial court.
NOTES
[1] We have no occasion in deciding this appeal to consider whether defendant's malpractice allegations would provide a defense to plaintiff's claim. See Saffer v. Willoughby, 143 N.J. 256, 272, 670 A.2d 527 (1996) ("Ordinarily, an attorney may not collect attorney fees for services negligently performed."); Strauss v. Fost, 213 N.J.Super. 239, 242-43, 517 A.2d 143 (App.Div.1986) (same). We only hold that defendant is not precluded from pursuing that defense because it failed to file an affidavit of merit.