966 A.2d 1102 (2009)
406 N.J. Super. 145
HIGHLAND LAKES COUNTRY CLUB AND COMMUNITY ASSOCIATION, Plaintiff,
v.
Frank W. NICASTRO, Sr., and Lisa Ann Nicastro, Defendants/Third-Party Plaintiffs-Respondents,
v.
Suburban Consulting Engineers, Inc., and Martin Sikorski, P.L.S., Third-Party Defendants-Appellants.
No. A-4260-07T1
Superior Court of New Jersey, Appellate Division.
Argued October 21, 2008.
Decided March 27, 2009.
*1103 William T. McGloin, Roseland, argued the cause for appellants (Connell Foley, *1104 attorneys; Mr. McGloin, of counsel and on the brief; Christian J. Jensen, on the brief).
Michael J. Sweeney, Trenton, argued the cause for respondents (Hunziker, Jones & Sweeney, attorneys; Mr. Sweeney, on the brief).
Before Judges SKILLMAN, GRAVES and GRALL.
The opinion of the court was delivered by
GRALL, J.A.D.
By leave granted, third-party defendants Suburban Consulting Engineers, Inc., and Martin Sikorski, P.L.S., (collectively SCE) appeal from the denial of a motion to dismiss a third-party complaint for failure to comply with the Affidavit of Merit Statute (Statute), N.J.S.A. 2A:53A-26 to 29. We conclude that application of the Statute would be inconsistent with its overall purposes under the present circumstances of this case.
The third-party complaint was filed by Lisa Ann and Frank W. Nicastro, Sr. The Nicastros are the defendants in an action filed by plaintiff Highland Lakes Country Club and Community Association (Club) to resolve a dispute over the boundary line separating the parties' lots that implicates a six-acre area of the Nicastros' thirty-three-acre property. SCE surveyed the Nicastros' property, prepared a metes and bounds description and marked its corners with "pins." The Nicastros retained SCE to do this work in 2004, after they purchased the lot but before undertaking work in preparation for construction of a new residence. The Club notified the Nicastros that it believed they were excavating on its property in September 2006, and the Nicastros responded by producing SCE's survey.
On February 27, 2007, the Club commenced litigation to establish the boundary line and obtain damages, restitution and injunctive relief for the Nicastros' alleged trespass on, conversion of and damage to its property. The Club also asserted that the Nicastros acted in willful, malicious, wanton and reckless disregard of its property rights.
Although the Club's complaint does not include any allegations against SCE, the Club relies on a discrepancy between the line shown on SCE's survey and the line shown on a 1999 subdivision plat and a 2006 "sketch" prepared by Dana J. Behre, also a professional land surveyor, and a letter from Behre expressing and explaining his confidence in the correctness of the line shown on his 1999 subdivision plat. Behre's 2006 "sketch" includes disclaimers noting that the area is shown "approximately" and the sketch was prepared "for discussion purposes," without "any field work on the site since approximately 1999" and based on review of SCE's survey, a "map [that] was never filed" and recorded deeds.
On May 10, 2007, the Nicastros filed the third-party complaint against SCE that is at issue here. In that complaint, the Nicastros did not allege that SCE's work was inaccurate. Rather, they claimed that they retained SCE to prepare the boundary survey and set the pins and subsequently relied upon SCE's work in developing their property. They asserted that any liability they had to the Club would be "secondary and vicarious" to SCE's primary liability. On that ground, the Nicastros sought indemnification and compensatory damages and demanded contribution pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 to -5.8, and the Joint Tortfeasor Contribution Law, N.J.S.A. 2A:53A-1 to -5.
*1105 SCE filed its answer to the Nicastros' third-party complaint on June 18, 2007. The Nicastros did not file an affidavit of merit within the statutory period. N.J.S.A. 2A:53A-27.
After the deadline and before the Club had provided an expert report or complied with a discovery order compelling it to provide a survey, SCE moved to dismiss the Nicastros' third-party complaint. SCE contended that because the Nicastros had not filed an affidavit of merit their complaint failed to state a cause of action. N.J.S.A. 2A:53A-29. In opposition, the Nicastros argued that their claims for indemnification, contribution and damages will not accrue until error in SCE's survey is established and contended that SCE was not entitled to a dismissal for failure to comply with the Statute.[1]
The trial court denied SCE's motion to dismiss and its motion for reconsideration. Relying upon Diocese of Metuchen v. Prisco & Edwards, AIA, 374 N.J.Super. 409, 417-19, 864 A.2d 1168 (App.Div.2005), and noting that the Club had yet to produce an expert report supporting the boundary it sought to establish, the trial court concluded that the Nicastros should not be compelled to make the Club's case against themselves while they continued to defend on the ground that the boundary line shown on SCE's survey is accurate. In stating its reasons for denying reconsideration, the court indicated its willingness to consider SCE's application again if and when the Nicastros' claims of professional negligence ripen.
The general goals and requirements of the Statute are well-established. It was enacted to "`weed out frivolous lawsuits early in the litigation while, at the same time, ensuring that plaintiffs with meritorious claims will have their day in court.'" Couri v. Gardner, 173 N.J. 328, 340, 801 A.2d 1134 (2002) (quoting Hubbard v. Reed, 168 N.J. 387, 395, 774 A.2d 495 (2001)); see Charles A. Manganaro Consulting Eng'rs, Inc. v. Carneys Point Twp. Sewerage Auth., 344 N.J.Super. 343, 347, 781 A.2d 1116 (App.Div.2001). To that end, N.J.S.A. 2A:53A-27 requires a "plaintiff" in an "action for damages for. . . property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation" to file an affidavit of merit within sixty days of the defendant's answer. The affidavit required is one that asserts "a reasonable probability that the care, skill or knowledge exercised . . . in the . . . work that is the subject of the complaint, fell outside acceptable professional" standards. Ibid. Failure to comply is "deemed a failure to state a cause of action," N.J.S.A. 2A:53A-29, and, absent "extraordinary circumstances," a dismissal based on non-compliance must be entered with prejudice. Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 247, 708 A.2d 401 (1998).
Despite the literal terms of the Statute limiting its application to acts of malpractice and professional negligence alleged by a plaintiff, our courts construe the Statute to effectuate the Legislature's purpose. Couri, supra, 173 N.J. at 334, 801 A.2d 1134. Thus, when the factual allegations underlying a claim "require proof of a deviation from the professional standard of care applicable to [a] specific profession," a party is not exempt because its claims are couched to avoid an express *1106 allegation of professional negligence or malpractice. Couri, supra, 173 N.J. at 340-42, 801 A.2d 1134. Similarly, a party asserting a claim for damages based on professional negligence in a counterclaim is not exempt simply because that party is not a "plaintiff." Manganaro, supra, 344 N.J.Super. at 347-48, 781 A.2d 1116.
A consideration of the Nicastros' claims under the foregoing standards suggests that an affidavit of merit is required. Land surveyors are among the licensed professionals entitled to the protection of the Statute, N.J.S.A. 2A:53A-26(l). The Nicastros are the "plaintiffs" on a third-party complaint seeking compensatory damages and indemnification for "property damage" attributable to their reliance on SCE's work. Although their third-party complaint does not include an assertion of error in the survey or negligence by SCE, there is no question that the Nicastros' right to reliance damages, common law indemnification and contribution under statutes governing joint tortfeasors and comparative negligence depends largely on proof of SCE's professional negligence.[2] Surveyors are not insurers of the correctness of their findings but may be held liable for damages caused by breach of their duty to perform a survey with the care, skill, knowledge and diligence expected of a professional surveyor. Mark S. Dennison, Annotation, Surveyor's Liability for Mistake in, or Misrepresentation as to Accuracy of, Survey of Real Property, 117 A.L.R. 5th 23, 38 (2004); see Commonwealth Land Title Ins. Co. v. Conklin Assoc., 152 N.J.Super. 1, 9, 377 A.2d 740 (Law Div.1977), aff'd o.b. sub nom., Commonwealth Land Title Ins. Co. v. Topping, 167 N.J.Super. 392, 400 A.2d 1208 (App. Div.), certif. denied, 81 N.J. 285, 405 A.2d 830 (1979).
Nonetheless, even when the terms of the Statute require an affidavit of merit, our courts reject a literal interpretation if it will "lead to results inconsistent with the overall purpose of the [S]tatute." Couri, supra, 173 N.J. at 334, 801 A.2d 1134 (internal quotations omitted); see, e.g., Hubbard, supra, 168 N.J. at 395-97, 774 A.2d 495 (recognizing a common knowledge exception). Under the facts and procedural posture of this case, application of the Statute would be inconsistent with its overall purpose.
The Nicastros are relying upon the work of their surveyors to defend against the Club's claims of trespass on and ownership of a six-acre section of their property. Their third-party complaint includes only claims against their surveyors that are contingent upon the Club's proof that the boundary between the Club's property and the Nicastros is not located as shown on SCE's survey. It does not, and may not, include a claim that SCE is solely liable to the Club. Wellenheider v. Rader, 49 N.J. 1, 10, 227 A.2d 329 (1967). And, the Nicastros do not allege a claim against SCE that is independent of their liability to the Club based on common questions involving the same transactions. R. 4:8-1. Accordingly, the Nicastros' filing of a third-party complaint can be viewed as an effort to avoid future litigation over its failure to join SCE in this action if the Club establishes relevant error in SCE's survey. See generally Harley Davidson Motor Co., Inc. v. Advance Die Casting, Inc., 150 N.J. 489, 499, 696 A.2d 666 (1997); cf. K-Land Corp. No. 28 v. Landis Sewerage Auth., 173 N.J. 59, 69-73, *1107 800 A.2d 861 (2002) (discussing the "eliminat[ion of] mandatory party joinder under the entire controversy doctrine").
Because the Club has not yet produced evidence to establish an error in SCE's work, no independent claim of professional negligence has accrued. A negligence claim based on an erroneous survey does not accrue until the damage is discovered. New Market Poultry Farms, Inc. v. Fellows, 51 N.J. 419, 423, 241 A.2d 633 (1968) (when the error in the survey is shown); Commonwealth Land Title Ins. Co., supra, 152 N.J.Super. at 8, 377 A.2d 740 (same). The Nicastros do not assert that the survey is inaccurate and, as of yet, they have no evidence demonstrating whether there are damages resulting from SCE's work, that of the Club's surveyor or other causes.
Similarly, the Nicastros' claims for indemnification and contribution based on professional negligence have not accrued. Holloway v. State, 125 N.J. 386, 399-400, 593 A.2d 716 (1991). Generally, a cause of action for common law indemnification accrues at the time judgment is rendered against the indemnitee for the underlying claim. McGlone v. Corbi, 59 N.J. 86, 94-95, 279 A.2d 812 (1971); accord Adler's Quality Bakery, Inc. v. Gaseteria, Inc., 32 N.J. 55, 80-81, 159 A.2d 97 (1960). And, a cause of action for contribution accrues when judgment is recovered against the defendant. McGlone, supra, 59 N.J. at 94-95, 279 A.2d 812; see Pa. Greyhound Lines v. Rosenthal, 14 N.J. 372, 382, 102 A.2d 587 (1954) (cause of action for contribution accrues on payment by joint tortfeasor of money judgment recovered against him for injurious consequences of wrong).
In construing the Statute in light of its purpose, our courts consider the practicalities and common sense of the situation to effectuate the Legislature's intent. See Hubbard, supra, 168 N.J. at 396, 774 A.2d 495. The goal of weeding out frivolous claims early in the litigation while preserving those that are meritorious is not sensibly extended to encompass the claims asserted by the Nicastros only on the condition that they are damaged by SCE's alleged deviation from professional standards. As a practical matter, application of the Statute is not necessary to weed out a frivolous claim at this point in the litigation because the Nicastros have no intention of asserting that claim unless and until they are damaged by a showing of error in SCE's survey. Moreover, application of the Statute at this juncture will unnecessarily burden the Nicastros by requiring them to either establish professional negligence resulting in a mistake on the survey based on evidence the Club has failed to produce or abandon that claim before it has accrued and regardless of its merit. Ibid.
In a different context, the Supreme Court has noted that when a claim is "not ripe for judicial review at the time that it theoretically should have been asserted," application of the bar imposed by the entire controversy doctrine would deny the plaintiff "a fair and reasonable opportunity to" litigate the claim. Circle Chevrolet Co. v. Giordano, Halleran & Ciesla, 142 N.J. 280, 306, 662 A.2d 509 (1995). Imposition of the dismissal sanction for failure to produce an affidavit of merit attesting to a reasonable probability of negligence before damage as a result of the alleged professional negligence has been shown would have the same impact.
In other circumstances, our courts have declined to construe the Statute so as to permit a malpractice defendant to use it as "a sword to prevent a valid malpractice claim from reaching the courtroom" on the ground that the Legislature did not intend *1108 to weed out meritorious claims. Barreiro v. Morais, 318 N.J.Super. 461, 470, 723 A.2d 1244 (App.Div.1999); accord Aster ex rel. Garofalo v. Shoreline Behavioral Health, 346 N.J.Super. 536, 543, 788 A.2d 821 (App.Div.2002); see also Hubbard, supra, 168 N.J. at 396-97, 774 A.2d 495 (recognizing common knowledge exception). We need not suggest that SCE invokes the Statute for that purpose in order to recognize that application of the Statute at this stage, before the Nicastros' claim for professional negligence has accrued, could have that effect. While SCE asserts its interest in avoiding litigation that has not been shown to have reasonably probable merit, there are procedural rules SCE can invoke to avoid litigation unless and until the Nicastros' claim of professional negligence accrues. See, e.g., R. 4:6-2(e) (authorizing dismissal of a claim, generally without prejudice, for failure to allege facts that would establish a claim); R. 4:30 (authorizing reservation or severance of claims); R. 4:38-2(a) (authorizing severance for the convenience of the parties or to avoid prejudice).
We cannot conclude that the Legislature, if it contemplated the circumstances of this case, would intend application of the Statute to eliminate claims not yet ripe for adjudication without regard to merit when assertion of probable merit would require a defendant to support the claims asserted against it by a plaintiff who has not come forward with competent proof of the error it alleges. If and when the Club produces evidence of error in SCE's survey, the Nicastros' claim for professional negligence will accrue and a different analysis may be required.
Because the order entered below does not expressly state that SCE may renew its application to dismiss for failure to file an affidavit of merit if and when the Club produces its survey, the order is modified to so provide and otherwise affirmed.
NOTES
[1] The Nicastros presented additional arguments in the trial court, which they present on appeal as an alternate grounds for affirmance. They contend that their claim is one of property ownership not "property damage" and, in the alternative, argue that they substantially complied with the Statute. Neither of those arguments have sufficient merit to warrant discussion on this appeal. R. 2:11-3(e)(1)(E).
[2] We do foreclose the possibility of SCE's potential liability or responsibility, independent of negligence, based on its role in any trespass. See N.J.S.A. 45:8-44.1 to -44.4; Restatement (Second) of Torts §§ 157-64 (1965).