988 A.2d 90

HIGHLAND LAKES COUNTRY CLUB AND COMMUNITY ASSOCIA-
TION, PLAINTIFF, v. FRANK W. NICASTRO, SR. AND LISA
ANN NICASTRO, DEFENDANTS/THIRD–PARTY PLAINTIFFS–
RESPONDENTS, v. SUBURBAN CONSULTING ENGINEERS,
INC. AND MARTIN SIKORSKI, P.L.S., THIRD–PARTY/DEFEN-
DANTS–APPELLANTS.

Argued October 27, 2009—Decided December 8, 2009.

*William T. McGloin,* argued the cause for appellants (*Connell Foley,* attorneys; *Mr. McGloin* and *Christian J. Jensen,* on the brief).

*Michael J. Sweeney,* argued the cause for respondents (*Hunziker, Jones & Sweeney,* attorneys).

PER CURIAM.

The judgment of the Appellate Division is affirmed substantially for the reasons expressed in the thorough and thoughtful opinion by Judge Grall. *Highland Lakes Country Club & Cmty. Ass'n v. Nicastro,* 406 *N.J.Super.* 145, 966 *A.*2d 1102 (App.Div.2009). The

panel correctly embraced and applied the principles powerfully presented in *Diocese of Metuchen v. Prisco & Edwards, AIA*, 374 *N.J.Super.* 409, 864 *A.*2d 1168 (App.Div.2005), aptly concluding that "application of [the Affidavit of Merit Statute, *N.J.S.A.* 2A:53A–26 to –29] would be inconsistent with its overall purposes under the present circumstances of this case." *Highland Lakes, supra,* 406 *N.J.Super.* at 148, 966 *A.*2d 1102. We add only the following.

■ Third-party defendants Suburban Consulting Engineers, Inc. and Martin Sikorski, P.L.S. have suggested that the better route in this case is for defendants/third-party plaintiffs Frank W. and Lisa Ann Nicastro to have deferred any claim against third-party defendants until the conclusion of the action between plaintiff Highland Lakes Country Club and Community Association and the Nicastros. That suggestion must be rejected out of hand, as it ignores the entire controversy doctrine.

■ That doctrine "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." *Cogdell v. Hosp. Ctr. at Orange,* 116 *N.J.* 7, 15, 560 *A.*2d 1169 (1989) (citation omitted). We have explained that "[t]he purposes of the doctrine include the needs of economy and the avoidance of waste, efficiency and the reduction of delay, fairness to parties, and the need for complete and final disposition through the avoidance of 'piecemeal decisions.'" *Ibid.* (citation omitted). In its application,

the entire controversy doctrine requires us to consider fairness to the parties, as the polestar of the application of the rule is judicial fairness. Consequently, the boundaries of the entire controversy doctrine are not limitless. It remains an equitable doctrine whose application is left to judicial discretion based on the factual circumstances of individual cases.

[*Oliver v. Ambrose,* 152 *N.J.* 383, 396, 705 *A.*2d 742 (1998) (citations and internal quotation marks omitted).] [1]

---

[1] Although *Rule* 4:30A was amended in 1998 "to restrict the scope of the [entire controversy] doctrine to non-joinder of claims, as opposed to its earlier

Applying the dual purposes of encouraging the fair and singular resolution of controversies while promoting judicial economy, the piecemeal litigation suggested by the third-party defendants solely for the sake of a perceived procedural advantage runs afoul of all of the salutary effects the entire controversy doctrine is designed to advance: it would create delay in the complete adjudication of the controversy at issue; it would harass the Nicastros by forcing them into serial litigation with possible inconsistent results; it would unnecessarily clog our courts with multiple lawsuits arising out of the same transaction and having a common nucleus of facts; it would waste the time and efforts of all of the parties involved; and it would render null any concept of fundamental fairness.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice RABNER and Justices LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO and HOENS—6.

*Opposed*—None.

---

formulation of non-joinder of claims *and parties*[,]" *Hobart Bros. Co. v. Nat'l Union Fire Ins. Co.*, 354 *N.J.Super.* 229, 242, 806 *A.2d* 810 (App.Div.), *certif. denied*, 175 *N.J.* 170, 814 *A.2d* 635 (2002) (emphasis supplied), we nevertheless have remained faithful to the doctrine's overarching principles.