**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3652-16T3

DREW BRADFORD,

    Plaintiff-Appellant,

v.

CAROLE BOYD,

    Defendant-Respondent.

_____

> Submitted November 15, 2018 – Decided  December 18, 2018
>
> Before Judges Alvarez and Reisner.
>
> On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-2100-15.
>
> Drew Bradford, appellant pro se.
>
> Carole Boyd, respondent pro se.

PER CURIAM

Plaintiff Drew Bradford sued his former attorney, defendant Carole Boyd, for malpractice.  On January 9, 2017, the trial judge held that Bradford's complaint would be dismissed for failure to file an affidavit of merit.  Perhaps

because Bradford then filed multiple reconsideration motions, the original ruling was not memorialized in an order until August 17, 2017. In the meantime, plaintiff filed a motion for reconsideration and for the judge's recusal, which was denied by order dated March 24, 2017, and a second reconsideration motion, which was denied by order of July 6, 2017.

Bradford appeals from all three orders, presenting the following points of argument for our consideration:

> Point 1     JUDGE MELVIN GELADE VIOLATED THE COURT RULE 1:16-3(a) [sic].
>
> Point 2     JUDGE GELADE DEMONST[RA]TED BIAS AGAINST THE PLAINTIFF.
>
> Point 3     "BREACH OF CONTRACT IS A VIABLE CAUSE OF ACTION."
>
> Point 4     THE INTENTIONAL AND [THREATENED] HARMS COMMITTED BY CAROLE BOYD ARE CLEAR AND OBVIOUS MALPRACTICE TO A JUROR, ESPECIALLY IN THIS CASE, TO A SUPERIOR COURT JUDGE, SINCE THIS IS A BENCH TRIAL.
>
> Point 5     THE REASONABLE BENCH JUDGE COULD EASILY COMPREHEN[D] THE FOREGOING WITHIN Point 4 OF THIS BRIEF, WHICH JUDGE MELVIN GELADE DID DO ON JUNE 27, 2016 WITH NOTHING NEW ADDED BY THE DEFENDANT NOR BY JUDGE GELADE. IF AN AFFIDAVIT OF MERIT IS REQUIRED, THEN THERE WAS UNNCESSARY DELAY BY

2

DEFEN[D]ANT CAROLE BOYD (LACHES), AND SOME TIME SHOULD BE ALLOWED FOR APPELLANT TO OBTAIN AN EXPERT WITNESS WITH AN AFFIDAVIT OF MERIT.

Point 6      CAROLE    BOYD    OWES    TO APPELLANT $6,011.79 AND CAROLE BOYD TOOK $20,000 APPELLANT [sic], WHILE NEGATING THE DREW BRAFORD V. DIANA GLEASON LITIGATION. THE DREW BRADFORD V. CAROLE BOYD LITIGATION IS CLEAR AND OBVIOUS MALPRACTICE. THE FINANCIAL HARM DONE BY CAROLE BOYD AGAINST APPELLANT IS A CIRCUMSTANCE TO PLEASE CONSIDER, AS HE COULD NOT AFFORD AN AFFIDAVIT OF MERIT.

Point 7      ON JULY 6, 2017, JUDGE MELVIN GELADE NEVER PROVIDED IN HIS COURT ORDER (A425) WHAT HE WAS, SPECIFICALLY OR IN GENERAL TERMS, DENYING REGARDING PLAINTIFF'S MOTION TO VACATE. (A432 – A455). THEREFORE, PLAINTIFF'S MOTION "TO VACATE AND RETURN THIS LITIGATION FOR TRIAL WITH BREACH OF CONTACT AND ALLOWING PLAINTIFF 2 MONTHS TO OBTAIN AN EXPERT WITNESS ([AFFIDAVIT] OF MERIT) FOR THE MALPRACTICE COUNT" SHOULD BE GRANTED HEREIN WITHIN THIS APPEAL.

Having reviewed the record, we conclude that plaintiff's arguments are without sufficient merit to warrant discussion, beyond the following brief comments. See R. 2:11-3(e)(1)(E).

A-3652-16T3

Boyd represented Bradford in the trial of a civil lawsuit, Bradford v. Gleason, and she also represented him on the appeal. Boyd filed a merits brief on Bradford's appeal, but declined to file a reply brief, because she contended that he had not paid her fee.[1] The appeal was successful, in that Bradford obtained a remand for a trial. See Bradford v. Gleason, No. A-5625-07 (App. Div. Aug. 13, 2009). However, in later suing Boyd, Bradford contended that she committed professional negligence by failing to file a reply brief in the appeal. He argued that Boyd's failure to present certain information in the reply brief eventually precluded him from pursuing an issue on the retrial.[2] In addition to asserting a claim for malpractice, Bradford characterized Boyd's allegedly wrongful conduct as a breach of contract, violation of his civil rights, and intentional infliction of emotional distress.[3]

---

[1] Eventually, Boyd and Bradford participated in fee arbitration, which resulted in an order that Boyd refund approximately $6000 of the fee Bradford had paid her.

[2] In her response to this contention, Boyd asserted that she raised the issue in the merits brief and, in her professional judgment, it was not necessary to repeat the same point in a reply brief.

[3] We will not discuss the civil rights and emotional distress claims further, because Bradford did not brief those issues on this appeal.

A-3652-16T3

On January 9, 2017, Judge Melvin L. Gelade held that, regardless of the legal label Bradford chose to place on his claim against Boyd, the crux of the claim was malpractice, and Bradford was therefore required to file an affidavit of merit, pursuant to the Affidavit of Merit Statute. See N.J.S.A. 2A:53A-27.

We agree with Judge Gelade. As our Supreme Court has made clear, regardless of how a claim is pled, the following analysis determines whether an affidavit of merit is required:

> It is not the label placed on the action that is pivotal but the nature of the legal inquiry. Accordingly, when presented with a tort or contract claim asserted against a professional specified in the statute, rather than focusing on whether the claim is denominated as tort or contract, attorneys and courts should determine if the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession. If such proof is required, an affidavit of merit is required for that claim, unless some exception applies.
>
> [Couri v. Gardner, 173 N.J. 328, 340 (2002).]

Because Judge Gelade decided the original motion correctly, he did not abuse his discretion in denying Bradford's motions for reconsideration. See Cummings v. Bahr, 295 N.J. Super. 374, 384, 389 (App. Div. 1996). Finally, we reject Bradford's contention that the judge was biased against him. Nothing in this record supports that allegation.

5

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3652-16T3