**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4812-16T4

ESTHER LENA DICKINSON,

    Plaintiff-Appellant,

v.

PAUL MOSCATELLO,

    Defendant-Respondent.

_____

Submitted January 17, 2019 – Decided March 15, 2019

Before Judges Simonelli and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Salem County, Docket No. L-0028-17.

Esther Lena Dickinson, appellant pro se.

Saldutti Law Group, attorneys for respondent (Andrew P. Chigounis, on the brief).

PER CURIAM

    On July 12, 2017, plaintiff, Esther Lena Dickinson (Lena), filed a notice of appeal from a June 23, 2017 order denying her motion for reconsideration

and awarding attorney's fees to defendant, Paul Moscatello (Paul), due to plaintiff's frivolous litigation. We affirm.

This case began in the Family Part involving a dispute about partition and a personal home loan that was addressed during the parties' divorce. In January 2011, the Family Part issued an order and opinion, under the consolidated Docket No. FM-17-79-10, finding then plaintiff Paul and defendant Lena jointly and severally liable for a judgment in favor of Lena's mother for $79,443. The court denied Lena's claim for fraud against Paul, palimony, and partnership in Paul's business. Lena's mother was to provide a certification with regards to attorney's fees within thirty days, at which time the exact amount of fees would be determined.

In March 2011, Lena's mother appealed the January 2011 order but subsequently withdrew the appeal and instead sought payment for the judgment from Paul. On April 15, 2011, Paul and Lena agreed on the record in open court to settle credits questions concerning the home and relinquished all other claims regarding the house. In May 2015, Paul paid the judgment but filed a complaint, under Docket No. C-5-15, in the Chancery Division seeking contribution from Lena.

A-4812-16T4

On August 27, 2015, Lena filed an answer and counterclaim, alleging fraud and other affirmative defenses. On that same day, Lena's mother filed a third-party action requesting $34,309.61, her attorney's fees from Paul, under Docket No. FM-17-79-10.

In December 2015, the Chancery Division consolidated the matters for trial, under Docket No. FM-17-79-10, and dismissed Lena's counterclaims with prejudice. However, on March 30, 2016, the parties entered into another settlement agreement, this time memorialized in a written consent order dated April 14, 2016, disposing of all their claims before the court.

The consent order provided Paul would dismiss his claim for contribution against Lena, her mother would withdraw her motion for attorney's fees against Paul, and Paul would pay Lena's mother $27,000 in three monthly installments. The settlement agreement also contained mutual general releases, in which each agreed to:

> unconditionally release[] [the other parties] from any claims, demands, and causes of action, damages, costs, expenses, losses and liability of every kind and nature, whether at law or in equity, whether known or unknown that were or could have been asserted in these "[a]ctions" before this court.

"Actions" was defined as "the matters consolidated under Docket No. FM-17-79-10." Any breaching party would be responsible for the reasonable attorney's fees

and costs of the other parties, including those incurred in defending the released claims. Furthermore, the agreement superseded "all prior negotiations, understanding, and agreements," and was "executed without reliance upon any promise, understanding, inducement, warranty, or representation by any party[.]"

In May 2016, the parties appealed the January 2011 order, under Docket No. FM-17-79-10, which was made final for appeal purposes by the April 14, 2016 consent order that disposed of the attorney's fees issue. We dismissed the appeal because it was taken from a consent order. Moscatello v. Gladeck, No. A-4167-15 (App. Div.), cert. denied, 234 N.J. 109 (2018).

On February 28, 2017, Lena filed a new complaint against Paul alleging breach of contract, fraud in the inducement, fraud by false pretenses and breach of an implied covenant of good faith and fair dealing in connection with the home that was part of the prior settlement. Lena alleged Paul concealed information from her that a defective stucco material was installed on the home's façade.

On April 10, 2017, Paul moved to dismiss Lena's complaint arguing Lena's claims were released by the prior settlement agreements. The motion judge agreed and dismissed Lena's complaint with prejudice because the 2011 and 2016 settlement agreements barred Lena's claims. Lena moved for

4

reconsideration, which the motion judge denied on June 23, 2017. The judge awarded Paul fees as a sanction for Lena's initiation of frivolous litigation. This appeal followed.[1]

Lena argues the court erred in dismissing her complaint by giving an overly broad interpretation of the settlement agreements, not affording adequate analysis to her new claims and by awarding sanctions against her. We disagree.

Here, the record demonstrates the motion judge conducted a careful review of the record to determine if the issues raised in Lena's February 28, 2017 complaint were either previously litigated, settled or decided and if not, whether Lena released those claims. The motion judge specifically found as a matter of fact that during the meditation of earlier claims on March 1, 2011, Lena learned Paul was told of the defective stucco system when they bought the house and did not tell Lena. Six weeks later, on April 15, 2011, Lena entered into the first settlement giving up any claims against Paul. Then in 2016, she again relinquished her claims against Paul in a written consent order. The court concluded the entire controversy doctrine barred Lena's 2017 claims and reasoned Lena relinquished claims of which she was aware in 2011 and in 2016.

---

[1] On October 16, 2017, Lena filed a motion for summary disposition, which we denied.

A-4812-16T4

Our review of the record supports the judge's determination. Pursuant to <u>Rule</u> 4:30A, non-joinder of claims required to be joined by the entire controversy doctrine results in the preclusion of the omitted claims. Our Supreme Court has said the entire controversy "doctrine 'embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy.'" <u>Wadeer v. N.J. Mfrs. Ins. Co.</u>, 220 N.J. 591, 605 (2015) (quoting <u>Highland Lakes Country Club & Cmty. Ass'n v. Nicastro</u>, 201 N.J. 123, 125 (2009)).

All additional arguments introduced by plaintiff are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4812-16T4