**NOT PRECDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4132
_____

JAMES S. CALENDER;
DIANE CALENDER, H/W,
                                        Appellants

v.

NVR INC, trading as Ryan Homes;
JOHN DOES #1-10, (fictitious names);
ABC COMPANIES #1-10 (fictitious names)

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 1-10-cv-04277)
District Judge:  Honorable Noel L. Hillman

Submitted under Third Circuit LAR 34.1(a)
on November 7, 2013

Before:  GREENAWAY, Jr., VANASKIE and ROTH, Circuit Judges

(Opinion filed: December 13, 2013)
_____

O P I N I O N
_____

**ROTH**, Circuit Judge:

        James S. Calender and Diane Calender appeal the District Court's September 30,

2011, order granting defendant NVR, Inc.'s, Motion to Dismiss and the court's

September 26, 2012, order granting summary judgment in favor of NVR. For the following reasons, we will affirm the District Court's orders.

## I.    Background

Calender[1] purchased a newly constructed home from NVR on March 28, 2008. NVR designed, manufactured, built, and sold the home. On October 21, 2008, Calender went up into the home's attic to change the air filter on an air conditioning unit. While exiting the attic through the access panel/opening, Calender fell and was injured.

Calender filed suit on June 30, 2010, in the Superior Court of New Jersey, Law Division, Camden County, alleging that NVR (1) negligently designed, manufactured, constructed, and/or sold the home; (2) is subject to product liability because the attic access panel/opening was unreasonably dangerous and defective; (3) breached its contract to provide a safe, suitable home; and (4) breached its express and implied warranties. The complaint also included a claim for loss of consortium.

NVR removed the suit to the U.S. District Court for the District of New Jersey.[2] The District Court dismissed the design defect claim for failure to comply with the New Jersey Affidavit of Merit Statute, N.J. Stat. Ann. § 2A:53A-26 *et seq*. A year later, the District Court granted summary judgment in favor of NVR on the remaining claims.

---

[1] Although both James and Diane Calender were named plaintiffs in this suit, we refer to only James Calender, except where noted, for convenience and because the facts of the case pertain to him.

[2] The District Court had jurisdiction under 28 U.S.C. § 1332 because the Calenders are citizens of New Jersey and NVR is incorporated and has its principal place of business in Virginia and the amount in controversy exceeds the jurisdictional amount. We have jurisdiction pursuant to 28 U.S.C. § 1291.

2

## II. Analysis

### A. Motion to Dismiss the Design Defect Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007)). We exercise plenary review over the District Court's granting of a motion to dismiss. *Institutional Invs. Grp. v. Avaya, Inc*, 564 F.3d 242, 251 (3d Cir. 2009).

The Affidavit of Merit Statute requires a plaintiff in a personal injury action, alleging negligence or malpractice by a licensed person, to provide an affidavit from a different licensed person that states that there is a reasonable likelihood that the alleged conduct fell outside acceptable professional or occupational standards. N.J. Stat. Ann. § 2A:53A-27. Failure to provide the affidavit is deemed a failure to state a cause of action, *id.* § 2A:53A-29, and a dismissal under the statute is with prejudice. *Cornblatt v. Barow*, 708 A.2d 401, 413 (N.J. 1998). Architects are included in the statute's list of "licensed persons." *Id.* § 2A:53A-26.

In determining whether an affidavit of merit is required, courts must consider (1) whether the action is for damages for personal injuries, (2) whether the action is for malpractice or negligence, and (3) whether the care, skill, or knowledge exercised or exhibited that is the subject of the complaint fell outside acceptable professional or occupational standards. *Couri v. Gardner*, 801 A.2d 1134, 1137 (N.J. 2002) (internal citations and quotation marks omitted). Here, the first two elements are met because Calender's action is for damages for personal injuries as a result of malpractice or

3

negligence. The third element is also met because the action alleges negligence on the part of NVR's architect in designing the attic access panel/opening. As the District Court found, the claim is essentially one for professional malpractice or negligence in the field of architecture. Pleading or demonstrating this claim would require expert testimony from an architect, engineer, or comparable licensed person. Whether Calender's claim is characterized as one for professional negligence or malpractice, or one for strict product liability, we agree with the District Court that Calender is necessarily challenging architectural designs and plans—plans that only a licensed architect would be able to produce.

We conclude that Calender's design defect claim meets all three *Couri* factors and, accordingly, the Affidavit of Merit statute applies. We will therefore affirm the District Court's dismissal of the design defect claim for plaintiff's failure to timely provide the required affidavit of merit.

## B.    Summary Judgment on Other Claims

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We exercise plenary review over a district court's grant of summary judgment, and view the facts in the light most favorable to the non-moving party. *Nat'l Amusements Inc. v. Borough of Palmyra*, 716 F.3d 57, 62 (3d Cir. 2013).

Except for claims for breach of an express warranty, all claims for harm caused by a product under New Jersey law, regardless of the theory underlying the claim, are governed by the New Jersey Products Liability Act (PLA). N.J. Stat. Ann. § 2A:58C-

4

1(b)(3). The PLA encompasses "virtually all possible causes of action relating to harm caused by consumer and other products." *In re Lead Paint Litig.*, 924 A.2d 484, 503 (N.J. 2007). The PLA does not recognize negligence or implied breach of warranty as separate claims for harm caused by a product. *See Port Auth. of N.Y. & N.J. v. Arcadian Corp.*, 189 F.3d 305, 313 (3d Cir. 1999). Rather, the PLA is the exclusive remedy for such actions and other claims are subsumed within the statutory cause of action. *See id.*

Calender properly brought this action under the PLA. The District Court was correct that Calender may not proceed with his common-law claims of negligence and implied breach of warranty because those claims are subsumed by the PLA. We will therefore affirm the grant of summary judgment for NVR on those claims.

The PLA provides that a seller or manufacturer may be liable if a product does not contain adequate warnings or instructions. N.J. Stat. Ann. § 2A:58C-2. However, no duty to warn exists where the danger presented by a product is "open and obvious." *McWilliams v. Yamaha Motor Corp., U.S.A.*, 987 F.2d 200, 202–03 (3d Cir. 1993); *Mathews v. Univ. Loft Co.*, 903 A.2d 1120, 1124–25 (N.J. Super. Ct. App. Div. 2006); *see also* N.J. Stat. Ann. § 2A:58C-3(a)(2) (stating that seller or manufacturer is not liable if the unsafe aspect of the product is an "inherent characteristic of the product . . . that would be recognized by the ordinary person").

We agree with the District Court's conclusion that the danger that one might fall while attempting to enter or exit the attic through the open access panel in the ceiling is open and obvious to an ordinary person. *Cf. Mathews*, 903 A.2d at 1124 (danger of falling from six-foot-high loft bed was open and obvious). We will affirm the District

5

Court's grant of summary judgment in favor of NVR on this claim because there was no duty to warn.

Finally, the District Court was correct that Diane Calender's loss of consortium claim was derivative of James Calender's personal injury claims and is therefore not viable without those claims. We will therefore affirm the District Court's grant of summary judgment on the loss of consortium claim.

## III. Conclusion

For the foregoing reasons, we will affirm the orders of the District Court.