**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1223
_____

BARRY COHEN,
                              Appellant

v.

JEFF J. HORN; THE HORN LAW GROUP, LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-19-cv-05604)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 8, 2021
Before:  AMBRO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 13, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Barry Cohen appeals from the District Court's order granting the defendants' motion for summary judgment. For the following reasons, we will affirm in part, vacate in part, and remand for further proceedings.

I.

As we write primarily for the parties, who are familiar with the facts, we will discuss the details only as they are relevant to our analysis. After Cohen's father died in 2011, his mother submitted a will signed in 1999 for probate. Several years later, Cohen learned of the terms of that will and believed that his mother was not following them. Cohen hired Horn Law Group, LLC to initiate legal action.

In response to the lawsuit filed by Jeff Horn of the Horn Law Group, LLC, Cohen's mother produced a will signed in 2009 and moved to admit it for probate and remove the 1999 will. The 1999 will created a trust, but the 2009 will left everything directly to Cohen's mother. In the ensuing litigation, the relationship between Cohen and Horn broke down. Horn asked Cohen to find alternative counsel and then successfully moved to withdraw. A few months later, the New Jersey probate court admitted the 2009 will and vacated the admittance of the 1999 will.[1]

Cohen filed a complaint against Jeff Horn and the Horn Law Group, LLC in state court, and the defendants removed it to the District Court. See 28 U.S.C. §§ 1332, 1441.

---

[1] As the District Court noted, the record does not contain any evidence of the probate court's reasoning or of Cohen's handling of the case between Horn's withdrawal and the probate court's ruling. Op. 6 n.2, 13, ECF No. 66. Cohen alleged that he unsuccessfully moved for reconsideration of the probate court decision. Pl.'s Suppl. Resp. to Statement of Undisputed Facts ¶ 75, ECF No. 21.

2

Cohen alleged, inter alia, that the defendants "were negligent and/or committed legal malpractice and breached the contract created by the Engagement Letter fiduciary duties". through certain actions and inaction in the litigation. Compl. ¶ 6, ECF No. 1. As damages, Cohen alleged that he would have eventually received at least $400,000 under the 1999 will and further sought "reimbursement of all legal fees paid to Defendants" and interest. Compl. ¶ 7. After discovery, the defendants moved for summary judgment, arguing that Cohen could not sustain a legal malpractice claim against them because he could not prove that he would have won his underlying case but for any negligence. The District Court granted the defendants' motion and closed the case.[2] Cohen appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment, applying the same standard that the District Court applies. Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although "[w]e view the facts and draw all reasonable inferences in the non-movant's favor," we will conclude that "[a] disputed issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving

---

[2] In the motion for summary judgment, the defendants asked the District Court to dismiss the entire complaint; however, the motion is better understood as seeking a judgment in the defendants' favor after consideration of evidence outside the pleadings. Accordingly, we understand the District Court's order granting the motion and closing the case as the entry of a judgment in favor of the defendants on any claims raised in the complaint.

3

party." Resch v. Krapf's Coaches, Inc., 785 F.3d 869, 871 n.3 (3d Cir. 2015) (citation and quotation marks omitted).

III.

The District Court properly granted summary judgment on Cohen's malpractice claims to the extent that he sought to recover damages equivalent to what he believed he would have won in the probate action. Under New Jersey law, the elements of a legal malpractice action are "(1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff." McGrogan v. Till, 771 A.2d 1187, 1193 (N.J. 2001). These damages must be actual damages. Cortez v. Gindhart, 90 A.3d 653, 658 (N.J. Super. Ct. App. Div. 2014) (quoting Sommers v. McKinney, 670 A.2d 99, 103 (N.J. Super. Ct. App. Div. 1996)). "Actual damages . . . are real and substantial as opposed to speculative." Id. at 662-63 (quoting Grunwald v. Bronkesh, 621 A.2d 459, 465 (N.J. 1993)). Mere conjecture, surmise, or suspicion cannot satisfy the plaintiff's burden to show proximate causation by a preponderance of the competent, credible evidence. Id. at 663 (citing 2175 Lemoine Ave. Corp. v. Finco, Inc., 640 A.2d 346, 352 (N.J. Super. Ct. App. Div. 1994)).

Defendants argued that Cohen was unable to show proximate causation for alleged malpractice in the litigation because he was unable to "prove the 'suit within a suit.'" Jerista v. Murray, 883 A.2d 350, 359 (N.J. 2005) (describing this test as the "conventional way" to show proximate causation in legal malpractice actions). To prove the "suit within a suit," the plaintiff presents "evidence that would have been submitted at

4

trial" in the underlying action "had no malpractice occurred," and bears the burden of proving by a preponderance of the evidence that he would have won and collected a favorable judgment. Id. (quoting Garcia v. Kozlov, Seaton, Romanini & Brooks, P.C., 845 A.2d 602, 611-12 (N.J. 2004)). Here, to prove the suit within a suit, Cohen needed to show that, absent the defendants' malpractice, the 2009 will would not have been admitted and Cohen would have received a judgment pursuant to the 1999 will.

On appeal, as in the District Court, Cohen argues that the 2009 will might not have been admitted if the defendants had acted differently. But he cannot rely on speculation or conjecture. Cortez, 90 A.3d at 662-63. To establish a disputed issue of material fact on this point, Cohen had to cite sufficient evidence to show that a reasonable jury could find that the 2009 will would not have been admitted absent malpractice. See Resch, 785 F.3d at 871 n.3. Neither of Cohen's two theories for doing so succeeds.

First, Cohen alleged that his father lacked the testamentary capacity to execute the 2009 will because he suffered from dementia. The only evidence Cohen cited in support are his own assertion and a social services intake form. The form apparently reflects that, in 2008, Cohen's now-deceased sister called Ocean County Senior Services to seek shopping assistance for her father. Suppl. Appx. 33, ECF No. 11. According to the intake form, Cohen's sister reported that her father had dementia. Even assuming Cohen could present this evidence in an admissible form at trial, it is insufficient to create a disputed issue of material fact.

In New Jersey, "the law requires only a very low degree of mental capacity for one executing a will." In re Will of Liebl, 617 A.2d 266, 268 (N.J. Super. Ct. App. Div.

5

1992) (quoting In re Will of Rasnick, 186 A.2d 527, 534 (Essex County Ct. 1962)). "The burden of establishing a lack of testamentary capacity is upon the one who challenges its existence and that burden must be sustained by clear and convincing evidence." Id. at 268 (alterations omitted) (quoting In re Estate of Hoover, 91 A.2d 155, 156 (N.J. Super. Ct. App. Div. 1952)). As the District Court explained, a diagnosis of dementia does not necessarily indicate a lack of testamentary capacity under New Jersey law. Op. 15-16. And Cohen provided only limited and generalized evidence concerning his father's mental condition. No reasonable jury could find that this evidence, if provided to the probate court, would have satisfied Cohen's burden to establish by clear and convincing evidence that his father lacked testamentary capacity in 2009.

Second, Cohen argues that Horn should have disputed the authenticity of the 2009 will. But to establish proximate causation of actual damages, Cohen must show by a preponderance of the evidence that any such effort would have succeeded. Cohen notes that the attorney who drafted the 2009 will provided minimal records concerning the creation of the will.[3] He also alludes to evidence regarding enmity between his wife and

_____

[3] Cohen also cites evidence that the attorney was disbarred in 2018, after the probate case, and arguably implies that the attorney may have been disbarred because of Cohen's complaints. Public records indicate otherwise. See 2018 State of the Attorney Disciplinary System Report, Office of Attorney Ethics, 38 (2019), https://www.njcourts.gov/attorneys/assets/oae/2018oaeannualrpt.pdf (attorney disbarred for misappropriation of escrow funds in real estate transactions). In any case, this evidence was not provided to the District Court, so we do not consider it. See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) ("This Court has said on numerous occasions that it cannot consider material on appeal that is outside of the district court record.").

his mother that he claims he could have provided if Horn had provided diligent representation. And he argues that evidence showing that his father had his usual attorney draft a new will, left unsigned, in 2011 without mentioning the 2009 will casts doubt on the validity of the 2009 will. Even viewed in the light most favorable to Cohen, this speculative, circumstantial evidence would not permit a reasonable jury to conclude that Cohen would have successfully challenged the authenticity of the will absent the defendants' malpractice.

The summary judgment record does not contain sufficient evidence for a reasonable jury to find that Cohen would have prevailed in the probate dispute absent the defendant's alleged malpractice. While the "suit within a suit" method is not the only possible way of proving proximate cause of actual damages, Cohen has not provided adequate, non-speculative evidence via any other method here. See Garcia, 845 A.2d at 612-14 (discussing alternatives such as expert evidence). Accordingly, the District Court properly concluded that Cohen's malpractice action, as it related to the request for what he would have inherited under the terms of the 1999 will, could not survive the motion for summary judgment.

However, the District Court erred in concluding that the defendants' sole argument in their motion for summary judgment resolved the entire case. In his complaint, Cohen also sought a recovery of the legal fees he paid to the defendants, damages that could be recoverable in a legal malpractice action independent of the analysis of the "suit within a suit." See Saffer v. Willoughby, 670 A.2d 527, 534 (N.J. 1996) ("Ordinarily, an attorney may not collect attorney fees for services negligently performed."). We express no

7

opinion on whether Cohen is entitled to the recovery of the fees paid.[4]  We note only that the defendants did not address this category of damages (or any issues other than the "suit within a suit") in their motion for summary judgment, so the District Court did not consider these potential damages in granting that motion and closing the case.

Also, Cohen argues on appeal that the District Court erred by construing his complaint as solely a legal malpractice claim and overlooking breach of contract, breach of fiduciary duty, negligence, and failure to supervise claims.  Although Cohen's complaint sounds primarily in legal malpractice, and we may "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements," James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 672 (2009)), pro se complaints must be construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam).  Accordingly, on remand, in addition to considering whether Cohen could recover the legal fees under a malpractice theory, the District Court should consider whether Cohen presents any other actionable tort or contract claim in his complaint.[5]

---

[4] The District Court stated that Cohen failed to adequately show that the Defendants breached a duty to him.  We will not rely on this determination to resolve Cohen's fee claim.  As the District Court acknowledged, the defendants did not move for summary judgment on that basis.  Op. 9 n.3.  Our ruling does not preclude the defendants from making arguments relating to that element of a legal malpractice claim on remand.

[5]  On appeal, the defendants argue that any claim Cohen presents is necessarily subsumed by his legal malpractice claim, relying on Couri v. Gardner. 801 A.2d 1134, 1141 (N.J. 2002).  But Couri narrowly addresses the scope of New Jersey's Affidavit of Merit Statute, which Cohen complied with here, and specifically contemplates that malpractice-

8

IV.

Accordingly, we will affirm in part and vacate in part the District Court's

judgment, and we will remand for further proceedings consistent with this opinion.

---

related claims may be asserted in contract or in tort. Id.

Regardless of the theory employed, though, Cohen cannot collect damages based on what he would have recovered if the 2009 will had not been admitted because he cannot establish that he would have recovered absent the defendants' alleged failures. See, e.g., Goldfarb v. Solimine, 245 A.3d 570, 577 (N.J. 2021) (quoting Globe Motor Co. v. Igdalev, 139 A.3d 57, 64 (N.J. 2016) (A plaintiff in a breach of contract action must prove that "defendants' breach, or failure to do what the contract required, caused a loss to the plaintiff[]."); In re Estate of Lash, 776 A.2d 765, 769 (N.J. 2001) (quoting Restatement (Second) of Torts § 874) (A breach of fiduciary duty creates liability "for harm resulting" from the breach.).