**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2151-20

DOMINIC MARIANI,

    Plaintiff-Respondent,

v.

STEVEN WINTERS and
MARYANN B. WINTERS,

    Defendants-Appellants.

_____

Submitted February 15, 2022 – Decided February 18, 2022

Before Judges Fisher and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. DC-004192-20.

Ira J. Metrick, attorney for appellants.

Zeller & Wieliczko, LLP, attorneys for respondent (Matthew B. Wieliczko and Dean R. Wittman, on the brief).

PER CURIAM

In this action – and a companion lawsuit – plaintiff Dominic Mariani alleged that, in April 2016, he lent defendants Steven and Maryann Winters $180,000, and to secure repayment, defendants executed a promissory note and gave plaintiff a mortgage and a deed – apparently to be held in escrow – on their Voorhees home. Plaintiff also alleged that in August 2018, he lent defendants another $420,000, and defendants provided another promissory note and mortgage to secure repayment. Defendants apparently defaulted, and plaintiff recorded the deed in the Camden County Clerk's office in July 2019. Notwithstanding obtaining title to the property, plaintiff commenced suit against defendants for the repayment of the full amount of the unpaid balance on the loans.

On March 19, 2020, Governor Murphy issued Executive Order 106, which, in light of the COVID-19 pandemic, placed a statewide moratorium on residential evictions. Ten days later, plaintiff filed a second complaint against defendants, claiming he was the true owner of the Voorhees property; the action sought a writ of possession and defendants removal from the property. Both suits were transferred to Burlington County, where an order was entered requiring defendants to show cause why an order of possession should not issue. After a number of proceedings in the second suit, the trial judge

determined that Executive Order 106 did not apply to this situation and, on February 23, 2021, entered an order which directed defendants to vacate the property by May 1, 2021, or else a writ of ejectment would issue. After further proceedings, a writ was entered.

Having been denied in the trial court a stay of their eviction from the Voorhees property, defendants moved on an expedited basis for the entry of a stay in this court and filed a notice of appeal. On June 11, 2021, we granted defendants' motion for a stay pending appeal and have since denied plaintiff's motions for relief from the stay or for summary disposition of the issues on appeal. More recently – citing the fact that the moratorium contained in Executive Order 106 was ended by Executive Order 249 – plaintiff moved to dismiss this appeal as moot; we reserved decision.

In their appeal, defendants argue that their eviction was barred by Executive Order 106, and that plaintiff's separate action for damages provided an adequate remedy that would obviate a need for their eviction.

We start our analysis of the issues by expressing our concern about the multiple lawsuits commenced by plaintiff about the same operative facts. We observed above that plaintiff alleged multiple loan transactions and that defendants defaulted. Part of these transactions called for defendants'

3

execution and delivery of a deed in plaintiff's favor on their Voorhees home. It is not clear from the record on appeal what it was about their agreement that would permit plaintiff to record the deed and take title to the property. Nor is it clear how or to what extent plaintiff's recording of that deed would reduce or eliminate the indebtedness on the loans. Those questions will presumably be answered in the action for damages; the parties' submissions reveal that issue was joined in that action and the matter was sent out to mediation.

Meanwhile, the second suit was moving forward on its own track with plaintiff seeking to remove defendants from the property because he had become the titleholder. Plaintiff obtained an order granting him possession after the judge determined that Executive Order 106 did not apply to residents in defendants' position. We disagree with plaintiff's contention that the trial judge properly interpreted the Governor's order.

Executive Order 106 directed that "[a]ny lessee, tenant, homeowner or any other person shall not be removed from a residential property as the result of an eviction or foreclosure proceeding" and declared that "enforcement of all judgments for possession, warrants of removal, and writs of possession shall be stayed while this [o]rder is in effect, unless the court determines . . . that

4

enforcement is necessary in the interest of justice." The order described the duration of its directions in the following way:

> This [o]rder shall take effect immediately and remain in effect for no longer than two months following the end of the Public Health Emergency or State of Emergency established by Executive Order No. 103 (2020), whichever ends later, unless this [o]rder is first revoked or modified by the Governor in a subsequent executive order.

Plaintiff argues that Executive Order 106 did not constitute an obstacle to his securing possession of the property. We do not agree. We see nothing about the broad language utilized in the executive order that would exempt this situation from the moratorium. Plaintiff obtained title through the recording of what appears to be a deed in lieu of foreclosure. The pursuit of a writ of possession when that is the way in which a borrower obtains title undoubtedly was intended to be swept into the broad description in Executive Order 106. As we said in our order granting a stay pending appeal, in quoting Couri v. Gardner, 173 N.J. 328, 340 (2002), "[i]t is not the label placed on the action that is pivotal but the nature of the legal inquiry." There is no question that the nature of plaintiff's suits to obtain relief from defendants is based on his position as the holder of notes, mortgages, and a deed in lieu of foreclosure. We interpret Executive Order 106 as including this action to remove

A-2151-20

defendants from the property that was deeded to plaintiff through these transactions in a way no different than we would had plaintiff sought to foreclose his mortgages. Consequently, we find the far different circumstances in Talmadge Vill., LLC v. Wilson, 468 N.J. Super. 514 (App. Div. 2021), in which other equities were present, to be distinguishable from the matter at hand.

In any event, as plaintiff accurately argues, Executive Order 106 no longer poses an obstacle to his pursuit of relief. On August 4, 2021, the Governor issued Executive Order 249, which ended Executive Order 106's moratorium. Although the order in question was entered while Executive Order 106 was in effect, the order and the stay were not thereby rendered void. Executive Order 106 did not preclude the issuance of such relief, only its enforcement. We have ensured compliance with Executive Order 106 by way of our stay pending appeal.

Despite the return to the status quo ante now permitted by Executive Order 249, we nevertheless continue the stay of eviction in this case because of other considerations. As noted, plaintiff's double-barrel attack in the trial court has raised questions about the potential for plaintiff obtaining a windfall. While it certainly appears that the parties' transactions may have given

6

plaintiff a number of ways to go in securing repayment of defendants' obligation, he is not entitled to recover more than the full amount of the debt. Brunswick Bank & Tr. v. Affiliated Bldg. Corp., 440 N.J. Super. 118, 125 (App. Div. 2015). Because the first suit remains undecided, it is not clear what if anything may remain due to plaintiff after determining and reducing the indebtedness by the fair market value of the Voorhees property.

In short, we are concerned about the separate adjudications that have or may occur regarding the parties' transactions and how these separate adjudications may potentially lead to an inequitable result. And so, in remanding, we direct that the two suits be consolidated and that the trial court schedule a case management conference during which, after hearing and considering the parties' positions, the judge should direct the manner in which the claims plaintiff has asserted in the two suits should proceed. Until then our stay of the eviction will remain in place but, once all parties are before the trial court, the judge may determine, based on the equities, whether the stay should continue or be lifted.

7

Remanded with directions.[1]  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] In light of our disposition of the merits, the motion to dismiss the appeal has been rendered moot and is, for that reason, denied. A separate order has been entered on the motion.

A-2151-20