**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1926-22

JACQUELINE STUDER and
TIMOTHY STUDER, her husband,

     Plaintiffs-Appellants,

v.

DANIEL J. PYO, M.D., and
SUMMIT HEALTH, f/k/a
SUMMIT MEDICAL
GROUP,

     Defendants-Respondents.

_____

Argued January 23, 2024 – Decided March 22, 2024

Before Judges Rose and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0250-22.

Gregg D. Trautmann argued the cause for appellants (Trautmann & Associates, LLC, attorneys; Gregg D. Trautmann, on the briefs).

Beth Ann Hardy argued the cause for respondents (Farkas & Donohue, LLC, attorneys; David

Christopher Donohue, of counsel; Beth Ann Hardy, on the brief).

PER CURIAM

In this medical negligence action, plaintiff Jacqueline Studer[1] appeals from a January 20, 2023 Law Division order dismissing her complaint against defendants Daniel Pyo, M.D., and Summit Health, for failure to file an appropriate affidavit of merit (AOM). Because plaintiff's AOM did not satisfy the same-specialty requirement under N.J.S.A. 2A:53A-41(a), we affirm.

We summarize the pertinent facts and procedural history from plaintiff's complaint, upon which the motion judge relied. On April 7, 2021, Dr. Pyo performed a cosmetic lower face lift and lower and upper blepharoplasty on plaintiff. After the procedure, plaintiff developed dry eye syndrome and experienced several related side effects and, as such, "it is highly probabl[e] that she will lose her eyesight." Plaintiff averred Dr. Pyo never advised her of the risk of developing dry eye syndrome following the blepharoplasty surgery. Based on these allegations, plaintiff asserted claims against Dr. Pyo alleging lack of informed consent and general medical negligence. She also asserted a vicarious liability claim against Summit Health.

---

[1] All references to plaintiff in our opinion are to Jacqueline Studer. The per quod claim of her husband, Timothy Studer, was wholly derivative.

In their answer to plaintiff's complaint, defendants demanded an AOM in accordance with N.J.S.A. 2A:53A-27. Thereafter, plaintiff timely served an AOM authored by Saveren Scannapiego, M.D.

In his affidavit, Dr. Scannapiego stated he was a "board-certified . . . ophthalmologist" and "a physician credentialed to treat patients for the medical condition, or to perform the procedure that is the basis for this claim or action." Dr. Scannapiego opined "there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the care rendered to [plaintiff] by [Dr. Pyo], that is the subject of the within action, fell outside applicable professional standards."

Upon receipt of the AOM, defendants objected, noting their answer stated "Dr. Pyo [wa]s a [b]oard[-]certified plastic surgeon and was practicing within that specialty at all times relevant" to the allegations set forth in plaintiff's complaint. Defendants therefore contended, as an ophthalmologist, Dr. Scannapiego was not similarly credentialed as required by the AOM statute. See N.J.S.A. 2A:53A-41(a). Further, even if plaintiff "proceed[ed] solely on a theory of lack of informed consent" she was nonetheless required to comply with the AOM statute.

A-1926-22

After expiration of the 120-day timeframe for filing a valid AOM, see N.J.S.A. 2A:53A-27, defendants moved to dismiss plaintiff's complaint with prejudice, arguing plaintiff failed to file a same-specialty AOM. During argument before the motion judge, plaintiff voluntarily dismissed her medical malpractice claim and argued an AOM was not necessary to proceed on her remaining informed consent claim. Alternatively, plaintiff asserted she was not required to submit an AOM pursuant to the common knowledge exception.

Following argument, the judge reserved decision and thereafter issued a cogent written opinion granting defendants' motion. Citing our decision in Risko v. Ciocca, 356 N.J. Super. 406, 412 (App. Div. 2003), the judge correctly recognized an AOM is a prerequisite to an action based on lack of informed consent. Applying the factors set forth in Couri v. Gardner, 173 N.J. 328, 334 (2002), the judge found plaintiff's personal injury action sounded in negligence because her informed consent claim alleged Dr. Pyo failed to warn plaintiff about the risks of blepharoplasty surgery. The judge reasoned that although our Supreme Court's decision in Howard v. University of Medicine & Dentistry of New Jersey, 172 N.J. 537, 549 (2002), "did not involve an assessment of whether an AOM was required in an informed consent case," the Court explained in such cases, "the physician's negligence is in the inadequate disclosure and the

damages claimed derive from the harm to the patient caused by a procedure that would not have occurred if the disclosure had been adequate."  The judge therefore rejected plaintiff's reliance on the common knowledge exception to the AOM requirement and further found the affidavit served by plaintiff failed to meet the same-specialty requirement.

On appeal, plaintiff reprises her arguments raised before the motion judge but abandons her common knowledge claim.  Plaintiff argues that because she dismissed her medical malpractice claim – which was based on a deviation from the standard of care – her informed consent claim no longer sounded in negligence and, as such, an AOM was not required.  She attempts to distinguish our decisions in Risko and Darwin v. Gooberman, 339 N.J. Super. 467 (App. Div. 2001), abrogated in part by Couri, 173 N.J. at 335, because they were decided before the 2004 enactment of the Patients First Act (PFA), N.J.S.A. 2A:53A-37 to -42, which imposed the same-specialty requirement.  Plaintiff therefore argues Dr. Scannapiego's AOM satisfies the AOM statute because the same-specialty requirement was not applicable to her informed consent claim.  In the alternative, plaintiff argues her affiant was similarly qualified as evidenced by his statement that he was "a physician credentialed to treat patients

for the medical condition, or to perform the procedure that is the basis for this claim or action."

After de novo review of the court's dismissal under the AOM statute, Castello v. Wohler, 446 N.J. Super. 1, 14 (App. Div. 2016), we reject plaintiff's contentions and affirm the order under review substantially for the cogent reasons expressed by the motion judge. We therefore conclude plaintiff's contentions lack sufficient merit to warrant extended discussion in a written opinion, R. 2:11-3(e)(1)(E), beyond the comments that follow.

Simply stated, plaintiff's informed consent claim required an AOM because it was inextricably tied to the surgery and Dr. Pyo's alleged deviation from appropriate standards of care. See Risko, 356 N.J. Super. at 412 n.1 (noting an allegation of "lack of informed consent" requires an AOM (citing Darwin, 339 N.J. Super. at 480-81)); see also Perna v. Pirozzi, 92 N.J. 446, 459 (1983) (holding if a claim "is characterized as a failure to obtain informed consent, the operation may constitute an act of medical malpractice"); Ehrlich v. Sorokin, 451 N.J. Super. 119, 129 (App. Div. 2017) (recognizing that although informed consent "is generally unrelated to the standard of care for performing medical treatment," it is "clear" that these two theories are "simply sub-groups of a broad claim of medical negligence") (quoting Newmark-Shortino v. Buna, 427 N.J.

6

Super. 285, 303 (App. Div. 2012) (internal quotations omitted)); Matthies v. Mastromonaco, 310 N.J. Super. 572, 593 (App. Div. 1998) (recognizing "[i]nformed consent is a negligence concept").

Further, we are not persuaded by plaintiff's argument that the 2004 enactment of the PFA rendered pre-PFA caselaw inapplicable. Rather, the PFA supports the motion judge's decision that a same-specialty AOM was required here. See Pfannenstein v. Surrey, 475 N.J. Super. 83, 96 (App. Div.), certif. denied, 254 N.J. 517 (2023) (observing the PFA "modified the AOM statute for medical negligence actions, requiring the AOM affiant to be 'licensed as a physician or other health care professional in the United States and meet [specific] criteria'") (alteration in original) (quoting N.J.S.A. 2A:53A-41); see also Nicholas v. Mynster, 213 N.J. 463, 481-82 (2013) ("When a physician is a specialist and the basis of the malpractice action 'involves' the physician's specialty, the challenging expert must practice in the same specialty."). Because Drs. Pyo and Scannapiego did not share the same specialty, plaintiff's AOM was deficient.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7