NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2951-21

CAROLINE J. FRANCAVILLA,
on behalf of herself and those
similarly situated,

     Plaintiff-Appellant,

v.

ABSOLUTE RESOLUTIONS
VI, LLC, ABSOLUTE
RESOLUTIONS, LLC,
ABSOLUTE RESOLUTIONS
INVESTMENTS, LLC, and
ABSOLUTE RESOLUTIONS
CORPORATION,

     Defendants-Respondents.

_____

<table>
<tr><td>

**APPROVED FOR PUBLICATION**

**March 14, 2024**

**APPELLATE DIVISION**

</td></tr>
</table>

Argued on February 15, 2024 – Decided March 14, 2024

Before Judges Currier, Firko and Vanek.

On appeal from the Superior Court of New Jersey,
Law Division, Essex County, Docket No. L-0170-19.

Philip D. Stern argued cause for appellant (Kim Law
Firm, LLC, and Scott C. Borison (Borison Firm LLC)
of the District of Columbia, Maryland, and California
bars, admitted pro hac vice, attorneys; Yongmoon
Kim, Muhammad Hasan Siddiqui, and Scott C.
Borison, on the briefs).

Mitchell L. Williamson argued the cause for respondents (Barron & Newburger, PC, attorneys; Mitchell L. Williamson, on the brief).

The opinion of the court was delivered by

VANEK, J.S.C. (temporarily assigned)

This appeal requires us to determine whether a putative class action complaint seeking to claw back funds paid by a debtor in full satisfaction of a final default judgment, entered in a prior lawsuit filed in a different court, is barred under the entire controversy doctrine. Because we conclude the doctrine is applicable and prevents the assertion of the current action, we affirm the April 13, 2022 Law Division order granting defendant[1] Absolute Resolutions' motion to dismiss plaintiff Caroline J. Francavilla's complaint with prejudice.

I.

The factual predicate underpinning plaintiff's complaint dates back to 2014. We derive the following salient facts from the motion record and Judge Keith E. Lynott's thorough written statement of reasons.

---

[1] For clarity of the record and ease of the reader, we refer to defendants Absolute Resolutions VI, LLC; Absolute Resolutions, LLC; Absolute Resolutions Investments, LLC; and Absolute Resolutions Corporation, collectively as "Absolute Resolutions" throughout this decision.

A-2951-21

Plaintiff defaulted on paying a HSBC Bank USA/Sears (HSBC) credit card balance. As a result, during the spring of 2014, HSBC closed out plaintiff's credit card account and assigned the outstanding debt, along with other delinquent HSBC accounts. Ultimately, the debt was assigned to Absolute Resolutions. In 2014, Absolute Resolutions filed a one-count complaint for breach of contract in the Law Division, Special Civil Part (the Bergen County litigation) alleging plaintiff was the owner of the HSBC account which went into default. Absolute Resolutions sought a monetary judgment for the outstanding balance of $3,434.31 plus costs. Plaintiff did not answer the complaint. On February 2, 2015, that court entered a final judgment by default against plaintiff and in favor of Absolute Resolutions in the amount of $3,575 (the default judgment). Plaintiff did not move to vacate the default judgment or file an appeal.

In March 2015, Absolute Resolutions moved for a wage garnishment to collect on the default judgment, which plaintiff opposed. On April 14, 2015, following a hearing, the court reduced the wage garnishment to five percent of plaintiff's net earnings. Plaintiff filed an additional objection to the wage garnishment on April 29, 2016, but it was subsequently withdrawn. As of March 1, 2017, plaintiff paid a total of $3,986.30 in full satisfaction of the default judgment.

On January 7, 2019, plaintiff filed a three-count putative class action complaint against Absolute Resolutions in the Essex County, Law Division (the Essex County litigation) alleging it unlawfully purchased consumers' debt without first obtaining a business license to operate as a consumer lender or sales finance company, as required by the New Jersey Consumer Finance Licensing Act (CFLA), N.J.S.A. 17:11C-1 to -49.  Plaintiff sought a declaratory judgment voiding the debts owed to Absolute Resolutions, as well as any final judgments enforcing that debt, pursuant to the CFLA and the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -228; monetary damages under the CFA; and disgorgement of amounts paid to Absolute Resolutions by plaintiff and the subclass she represents based on the theory of unjust enrichment.

On February 4, 2020, plaintiff filed a motion for class certification, which Absolute Resolutions opposed.  On April 9, 2020, after oral argument, Judge Lynott denied plaintiff's motion to certify the class, stating it was "premature" and that "the [e]ntire [c]ontroversy [d]octrine and related principles may bar this action."

On July 29, 2021, Absolute Resolutions filed a motion to dismiss plaintiff's complaint with prejudice arguing the Essex County litigation was

barred based upon res judicata and the entire controversy doctrine. Plaintiff opposed the motion.

On April 13, 2022, Judge Lynott entered an order granting Absolute Resolutions' motion to dismiss plaintiff's complaint with prejudice. As explained in the accompanying written statement of reasons:

> The [c]ourt concludes that [plaintiff]'s individual action against Absolute Resolutions . . . is barred by both res judicata and the [entire controversy doctrine]. The present action is irrefragably a collateral attack on the prior judgment entered against [plaintiff] in the Bergen County [litigation]. In order to obtain any relief from that judgment, [plaintiff] was required to proceed by seeking the same [relief] in that action itself and not by asserting an entirely new action in a different [c]ourt.

Judge Lynott further found plaintiff presented "no basis to dispute . . . the present action arises from the same transactions or occurrences that gave rise to the [Bergen County litigation]" and plaintiff "could have raised and litigated her claims concerning the lack of licensure in the [Bergen County litigation] including via post-judgment application – but failed or even chose not to do so." Accordingly, Judge Lynott concluded to allow the instant matter to proceed "would be directly at odds with the principles of finality, fairness, consistency and judicial economy that underpin the [entire controversy doctrine] in the first instance."

Judge Lynott's rationale for dismissing with prejudice was "not on the basis of a pleading deficiency, but the application of res judicata and the [entire controversy doctrine]." Therefore, Judge Lynott found "[t]here is no re-pleading of the [c]omplaint that would permit . . . [p]laintiff's [c]omplaint to avoid the bar of these doctrines." Because plaintiff was unfit to proceed as an individual, Judge Lynott found she was also precluded from litigating as a class representative. This appeal followed.

II.

On appeal, plaintiff argues that the trial court erred in dismissing her complaint as barred by res judicata and the entire controversy doctrine since her claims are based on transactions voided by the Legislature through the CFLA and, therefore, may be adjudicated at any time in the interest of equity and fairness. Additionally, plaintiff contends that Absolute Resolutions has come to the court with "unclean hands" predicated on the CFLA violation.

The trial court considered Absolute Resolutions' motion under Rule 4:6-2(a), for lack of jurisdiction over the subject matter. Subject matter jurisdiction is a threshold legal question and without it, "consideration of the cause is 'wholly and immediately foreclosed.'" Gilbert v. Gladden, 87 N.J. 275, 281 (1981) (quoting Baker v. Carr, 369 U.S. 186, 198 (1962)).

Our consideration of the trial court's application of the entire controversy doctrine requires a mixed standard of review. We review de novo the law guiding the trial court's determination as to the entire controversy doctrine. See Higgins v. Thurber, 413 N.J. Super. 1, 5-6 (App. Div. 2010). "[A] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

However, the decision to apply the doctrine, as an equitable principle, "is left to judicial discretion." 700 Highway 33 LLC v. Pollio, 421 N.J. Super. 231, 238 (App. Div. 2011). "'[T]he boundaries of the entire controversy doctrine are not limitless. It remains an equitable doctrine whose application is left to judicial discretion based on the factual circumstances of individual cases.'" Highland Lakes Country Club & Cmty. Ass'n v. Nicastro, 201 N.J. 123, 125 (2009) (quoting Oliver v. Ambrose, 152 N.J. 383, 395 (1998)). Thus, an abuse of discretion standard applies to our review of the decision to apply the doctrine. See Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142 N.J. 310, 322-23 (1995); see also Paradise Enters., Ltd. v. Sapir, 356 N.J. Super. 96, 102 (App. Div. 2002). "When examining a trial court's exercise of discretionary authority, we reverse only when the exercise of discretion was 'manifestly

7

unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

III.

"The entire controversy doctrine 'generally requires parties to an action to raise all transactionally related claims in that same action.'" Largoza v. FKM Real Est. Holdings, Inc., 474 N.J. Super. 61, 79 (App. Div. 2022) (quoting Carrington Mortg. Servs., LLC v. Moore, 464 N.J. Super. 59, 67 (App. Div. 2020)). "[The] mandate encompasses not only matters actually litigated but also other aspects of a controversy that might have been litigated and thereby decided in an earlier action." Higgins, 413 N.J. Super. at 12. Pursuant to Rule 4:30A, "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine. . . ."

"[B]ecause the entire controversy doctrine is an equitable principle, its applicability is left to judicial discretion based on the particular circumstances inherent in a given case." Mystic Isle Dev. Corp., 142 N.J. at 323. "The doctrine has three fundamental purposes: '(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to

parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay.'" Bank Leumi USA v. Kloss, 243 N.J. 218, 227 (2020) (quoting DiTrolio v. Antiles, 142 N.J. 253, 267 (1995)).

Judge Lynott found plaintiff had the ability to litigate Absolute Resolutions' licensing status as a substantive defense in the Bergen County litigation but, instead, pursued this subsequent litigation in Essex County as a "conscious choice," concluding:

> [Plaintiff] contends that the validity of the assignment was not at issue in the prior case which concerned only the original debt itself.
>
> This assertion, while perhaps resourceful o[n] the part of her counsel, is ultimately unavailing. The basis for the claim that the assignment was invalid is the lack of licensure under the [CFLA]. Thus, the claims concerning the infirmities of the debt and prior judgment are inextricably linked.
>
> . . . .
>
> [Plaintiff] could have raised the allegedly invalid assignment as a defense to the action. Indeed, it is not at all unusual for defendants in such cases seeking to collect a debt allegedly owed . . . to assert that the [debtor] does not hold a valid assignment, even if such claim is not based on the [CFLA], but on other grounds. To permit a litigant to raise an issue concerning the validity of an assignment in a subsequent action, when the basis for raising such issue was known or reasonably ascertainable by the litigant in a prior action is to invite all similarly-

9

> situated litigants to re-cast their claims and thereby obtain a second bite at the apple.

We find the trial court did not abuse its discretion in applying the entire controversy doctrine to dismiss the Essex County litigation where the substantive defenses raised here could have been pursued in the Bergen County litigation. Plaintiff posits that because equity guides application of the entire controversy doctrine, we should conclude the trial court abused its discretion by affording Absolute Resolutions relief where it has "unclean hands" predicated upon violation of the debt collector licensing requirements under the CFLA. We reject this argument as a circular attempt to use belatedly raised substantive defenses to justify plaintiff's own violation of the principles of finality, fairness and judicial economy in proceeding with a second suit on the same debt.

Plaintiff cites no binding precedent to support her demand for the disgorgement of funds paid in full satisfaction of the default judgment, even if Absolute Resolutions was an unlicensed debt collector. We find the decisional law plaintiff cites both distinguishable and unpersuasive.

Plaintiff's reliance on a decision by the Maryland Court of Special Appeals reversing a trial court order dismissing the plaintiff's class action as an impermissible collateral attack on a prior judgment is misplaced. The decision in <u>Finch v. LVNV Funding LLC</u>, 71 A.3d 198-205 (Md. Ct. Spec.

App. 2013), was predicated on the Maryland Collection Agency Licensing Act (MCALA)[2] and the Maryland Consumer Debt Collection Act (MCDCA),[3] not New Jersey law. The MCDCA also contains a private right of action, while New Jersey's CFLA does not. See Md. Code Ann., Com. Law § 14-203; N.J.S.A. 17:11C-1 to -49.

We are similarly unpersuaded by plaintiff's reliance on Jackson v. Midland Funding LLC, 468 F. App'x 123 (3d Cir. 2012), to seek respite from the entire controversy doctrine bar in this instance. In Jackson, the United States Court of Appeals for the Third Circuit reversed the District Court's decision and found the entire controversy doctrine did not preclude a cause of action where the first litigation was dismissed well before final judgment. Id. at 124-27. We are unpersuaded that the rationale in Jackson should be applied to this case since plaintiff here fully satisfied the final default judgment in the Bergen County litigation without raising the substantive issues now asserted in this second lawsuit on the same debt. Ibid.

We reject plaintiff's suggestion that we expand upon a line of cases where the Court held the entire controversy doctrine inapplicable to certain

---

[2] Md. Code Ann., Bus. Reg. §§ 7-101 to -502.

[3] Md. Code Ann., Com. Law §§ 14-201 to -204.

legal malpractice claims.  See Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, P.C., 237 N.J. 91, 99 (2019) ("The entire controversy doctrine . . . is constrained by principles of equity.  It 'does not apply to unknown or unaccrued claims.'" (quoting Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 606 (2015))).  Plaintiff argues that she was not "damaged" until the final default judgment was entered in the Bergen County litigation and, therefore, her claim in this litigation should not be barred.

To support this assertion, plaintiff cites to Olds v. Donnelly, 150 N.J. 424 (1997).  Based upon the unique nature of legal malpractice claims, the Court in Olds determined that the plaintiff's legal malpractice complaint against his former attorney was not barred by the entire controversy doctrine even though the claim was not raised in the underlying action.  Id. at 437-43. The Court set forth that "[t]he entire controversy doctrine raises special concerns when invoked in the setting of legal malpractice," and "an attorney's collection action against his or her client is not an 'underlying action' for purposes" of negating the applicability of the entire controversy doctrine. Dimitrakopoulos, 237 N.J. at 109, 114.

We decline to extend the narrowly crafted exception to the entire controversy doctrine for legal malpractice claims to this book account litigation.  Plaintiff does not posit an argument that the present collection

action is in any way analogous to a client's claim against an attorney for deviation from a standard of fiduciary care. Unlike a legal malpractice case, in which a client may only become aware of the attorney's actionable conduct through the judicial process, plaintiff's claim on appeal is directly tied to the precise monetary exposure that was the subject of the Bergen County litigation. Accordingly, we decline to erode the entire controversy doctrine by adopting the suggested expansion of Olds and Dimitrakopoulos to this collection dispute.

Although we recognize the general preference for dismissal without prejudice, we agree with the trial court's determination that there are no amendments or further discovery that could make plaintiff's claim legally sustainable in this case. See Mac Prop. Grp. LLC v. Selective Fire & Cas. Ins. Co., 473 N.J. Super. 1, 17 (App. Div. 2022), certif. denied sub nom. MAC Prop. Grp. LLC v. Selective Fire & Cas. Ins. Co., 252 N.J. 258 (2022). Thus, we affirm the dismissal of plaintiff's complaint with prejudice.

IV.

Since we find that Judge Lynott did not abuse his discretion by dismissing plaintiff's putative class action complaint in the Essex County litigation based upon the entire controversy doctrine, we need not reach the

13

remainder of the arguments raised on appeal, including the application of res judicata to this case.

We see no error in the trial court's determination that the non-viability of plaintiff's claims as an individual precludes her ability to be a class representative under <u>Rule</u> 4:32-1(a)(3), and, accordingly, we affirm the trial court's April 13, 2022 order dismissing plaintiff's complaint with prejudice. "It is well established that, in order to bring a class action lawsuit, the named representative must individually have standing to bring their claims." <u>Rosen v. Cont'l Airlines, Inc.</u>, 430 N.J. Super. 97, 107 (App. Div. 2013); <u>see</u> <u>R.</u> 4:32-1(a)(3).

Although plaintiff also appealed the April 9, 2020 Law Division order denying her motion to grant class certification, plaintiff did not address this issue in her merits brief. Thus, that portion of plaintiff's appeal is deemed abandoned. <u>Sklodowsky v. Lushis</u>, 417 N.J. Super. 648, 657 (App. Div. 2011). Any disagreement with the April 9, 2020 order would also be rendered moot based upon our affirmance of the dismissal of plaintiff's complaint with prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2951-21