**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4001-21

CAPTIAL ONE BANK (USA),
N.A.,

    Plaintiff-Respondent,

v.

ANDREA SMITH,

    Defendant-Appellant.

_____

Submitted November 9, 2023 – Decided August 21, 2024

Before Judges Vernoia and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. DC-000667-21.

Andrea Smith, appellant pro se.

Lyons, Doughty and Veldhuis, PC, attorneys for respondent (Jill Tompkins and Lauren Keating, on the brief).

PER CURIAM

In this credit-card collection case, defendant Andrea Smith appeals from an order denying her motion to vacate a default judgment and two orders denying her subsequent motions to "amend" the default judgment. Because the trial judge did not abuse his discretion in denying the motions, we affirm. Because the judgment erroneously awarded counsel fees, we remand the case to the trial court with instructions the court issue an amended judgment that does not include a fee award.

On May 12, 2021, plaintiff Capital One Bank (USA), N.A., filed a complaint against defendant, alleging she had failed to make payments due on a credit-card account. Plaintiff sought a judgment equal to the balance allegedly due, $12,011.07, plus costs.

The clerk of the court subsequently entered default. See R. 6:6-2 ("When a party against whom affirmative relief is sought has failed to appear, plead or otherwise defend . . . , the clerk shall enter the party's default."). On or about June 29, 2021, defendant attempted to move to vacate default.[1] The court, however, denied her motions for a waiver of filing fees in orders dated July 29, 2021, and August 12, 2021, and, consequently, did not consider the motion.

---

[1] The only document plaintiff included in her appellate appendix regarding her motion to vacate default was a one-page certification she had submitted in support of that motion.

A-4001-21

On September 15, 2021, plaintiff filed a "judgment request summary," seeking entry of judgment in the amount of $12,011.07, and a certification in support of that request. Two days later, judgment was entered in the amount of $12,348.29, which represented the balance due of $12,011.07, costs of $82, and $255.22 in counsel fees. See R. 6:6-3 ("If the plaintiff's claim against a defendant is for a sum certain . . . , the clerk on request of the plaintiff . . . shall enter judgment for the net amount and costs against the defendant, if a default has been entered against the defendant for failure to appear . . . ."). The court awarded counsel fees, even though in its submission plaintiff had expressly "waive[d] statutory attorney fees" and requested that the court "not award statutory attorney fees."

On September 27, 2021, defendant moved to vacate the judgment. She also moved again for a waiver of filing fees. The court granted her waiver motion in an October 25, 2021 order. In support of her motion to vacate the judgment, defendant certified she did not owe plaintiff anything because the amount allegedly owed was "based on two separate attorney charges where the services paid for were not received." She asserted she "had thoroughly filed disputes for all related charges, . . . [but] plaintiff still . . . ruled in the merchants'

3

favor." She indicated she had "provided the court with several exhibits that support[ed her] claim."

Defendant, however, did not include those exhibits in her appellate appendix. The only document she included regarding her motion to vacate the judgment was a one-page certification she had submitted in support of the motion. See R. 2:6-1(a)(1) ("The appendix prepared by the appellant . . . shall contain . . . (I) such other parts of the record . . . as are essential to the proper consideration of the issues . . . ."); State v. D.F.W., 468 N.J. Super. 422, 447 (App. Div. 2021) (finding "[w]e are not 'obliged to attempt review of an issue when the relevant portions of the record are not included'" (quoting Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005))).

Plaintiff opposed the motion, pointing out defendant had not identified or otherwise described any excusable neglect explaining why she had not answered or otherwise responded to the complaint. Plaintiff also contended defendant had sought improperly to have plaintiff refund "charges when the unsatisfactory outcomes were received in each case, rather than completing fee dispute arbitrations as contemplated by New Jersey Rules and practice . . . ."

A-4001-21

In a November 23, 2021 order, the court denied defendant's motion to vacate default judgment, finding defendant had "failed to offer excusable neglect, or a meritorious defense as required by R[ule] 4:50-1."

On December 2, 2021, defendant moved to "[a]mend [j]udgment." In support of that motion, she submitted a certification in which conceded she had not addressed excusable neglect in her motion to vacate judgment, stated she had "offer[ed] excusable neglect" in her motion to vacate default,[2] and faulted the court for not considering that motion. Defendant, however, acknowledged the court had denied the fee-waiver applications in connection with the motion to vacate default. She asserted that, with her motion to vacate judgment, she had provided the court with "[fifty] pages" supporting her claim she did not owe plaintiff anything. She did not include "[fifty] pages" of exhibits in the appellate record.[3]

---

[2] In the certification in support of the motion to vacate default, defendant indicated she had experienced difficulty in attempting to utilize the Judiciary Electronic Document Submission (JEDS) system. She also asserted she had "filed [her] paperwork one day past the requested date on the civil action order" and that she received "the letter on May 19th" and had filed "the paperwork" thirty-four days later. She did not include in the appellate record a copy of the "civil action order," "the letter," or the "paperwork."

[3] Defendant included in her appellate appendix three documents she labeled Exhibits A, B, and C. She did not identify the documents, if any, to which those

A-4001-21

In a February 22, 2022 order, the court denied defendant's motion to amend, finding again defendant had "failed to offer excusable neglect, or a meritorious defense as required by R[ule] 4:50-1."

On March 10, 2022, defendant again moved to "[a]mend [j]udgment." In support of the motion, she submitted a certification that was nearly identical to the certification she had submitted in support of her first motion to amend. In a May 10, 2022 order, the court denied that motion for the same reason it had denied her prior motions.

On appeal, defendant argues the trial court had "wrongfully rejected" her arguments and had "unjustly denied" her motions, "even though she showed adequate and supporting documentation." We disagree and affirm.

We note at the outset that although defendant labeled two of her motions as motions to "[a]mend [j]udgment," the clear intent of those motions was to vacate default judgment, not to amend or alter the judgment pursuant to Rule

---

exhibits were attached or the motions, if any, those documents purportedly supported. Based on the date stamp placed on the documents by the trial court's electronic filing system, defendant may have submitted Exhibit B, which appears to be a screenshot of the login page of the JEDS system, with her December 2, 2021 motion to amend. The date stamps placed on Exhibit A, which is a copy of emails defendant sent to plaintiff's counsel in March and May of 2021, and Exhibit C, which appears to be a page entitled "Dispute a credit charge" from the capitalone.com website, do not match the filing dates of the motions at issue in this appeal.

4:49-2. Accordingly, we consider the orders denying her motions to "[a]mend [j]udgment" as orders denying vacation of a default judgment. See Couri v. Gardner, 173 N.J. 328, 340 (2002) ("It is not the label placed on the action that is pivotal but the nature of the legal inquiry.").

A trial court's decision to grant or deny a motion to vacate default judgment will not be disturbed absent a clear abuse of discretion. U.S. Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 466-67 (2012); Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). To show an abuse of discretion, the moving party must demonstrate the decision was "'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Borough of Englewood Cliffs v. Trautner, 478 N.J. Super. 426, 437 (App. Div. 2024) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

When a default judgment has been entered, the party seeking to vacate it "must meet the standard of Rule 4:50-1." Guillaume, 209 N.J. at 467. Defendant did not specify the subparagraph of Rule 4:50-1 on which she relied to support her motions. Given the substance of her arguments, subparagraph (a) appears to be the basis. Under Rule 4:50-1(a), a court may vacate a judgment due to "mistake, inadvertence, surprise, or excusable neglect." Defendant does not

claim any mistake, inadvertence, or surprise and therefore, under Rule 4:50-1(a), she was required to demonstrate "excusable neglect." Guillaume, 209 N.J. at 468. "'Excusable neglect' may be found when the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" Ibid. The moving party also must "prove the existence of a 'meritorious defense.'" Id. at 469 (quoting Little, 135 N.J. at 284).

The court did not abuse its discretion by finding defendant had failed "to offer excusable neglect." Defendant admittedly did not address excusable neglect in her September 27, 2021 motion to vacate the judgment. In her subsequent motions to amend, she referenced assertions she had made in a purported motion to vacate default that the court did not consider because she had not paid the required filing fee or obtained a waiver of fees. Even considering those assertions, plaintiff failed to establish excusable neglect. Her contentions regarding the filing of her unnamed "paperwork" are not supported in the record. The screenshot of the JEDS login page is just that: a screen shot of the login page. It does not indicate she encountered any technical problems. And if she had, difficulty one day logging into the JEDS system does not rise to the level of excusable neglect, especially when the login page she submitted sets forth in bold print the telephone number of the JEDS help desk.

Based on the record before us, we cannot conclude the court abused its discretion by finding defendant had failed to "prove the existence of a 'meritorious defense.'" Guillaume, 209 N.J. at 469 (quoting Little, 135 N.J. at 284). In her motions, defendant claimed she did not owe plaintiff anything based on her contention plaintiff had wrongfully rejected her challenge of credit-card charges submitted by two attorneys. In the certification in support of the motion to vacate the judgment, defendant indicated she "had thoroughly filed disputes for all related charges" and that she had "provided the court with several exhibits that support[ed her] claim." But the appellate record is devoid of those documents. She did not include in her appellate appendix copies of the "thoroughly filed disputes" she had submitted to plaintiff or the "several exhibits that support[ed her] claim." Presented with only her bald assertion that plaintiff had wrongfully decided her charge dispute, we perceive no abuse of discretion in the court's finding she did not establish the existence of a meritorious defense.

Because defendant failed to establish the court had abused its discretion by denying her motions, we affirm the November 23, 2021 order denying the motion to vacate the judgment, the February 22, 2022 order denying the first motion to amend, and the May 10, 2022 order denying the second motion to amend. We, however, take this opportunity to remand the case so the trial court

may correct an error in the judgment defendant did not raise on appeal. The judgment included a $255.22 counsel-fee award, even though plaintiff in its submission had expressly "waive[d] statutory attorney fees" and requested that the court "not award statutory attorney fees." To correct that error, we remand the case to the trial court and direct the court to issue an amended judgment in the amount of $12,093.07, which represents the balance due of $12,011.07 and costs of $82.

Affirmed; remanded for the issuance of an amended judgment. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4001-21